LOUISE EVANS, EMPLOYEE, v. TOPSTYLE, INC., EMPLOYER AND NEW AMSTERDAM CASUALTY COMPANY, CARRIER.

(Filed 19 April, 1967.)

**1. Master and Servant § 70—**

Expert testimony that, as a result of an accident arising out of and in the course of claimant's employment, claimant had suffered a twenty per cent permanent disability of her right hand, together with claimant's testimony that she had trouble with her right hand at all times since the injury but never before, *is held* sufficient to support an award for partial permanent disability, notwithstanding further testimony by the expert on cross-examination that the disability could have resulted from causes unrelated to the employment, since even contradictions in claimant's testimony go to its weight to be resolved by the fact finding body.

**2. Master and Servant §§ 93, 94—**

Findings of fact of the Industrial Commission which are supported by competent evidence are binding in the Superior Court and in the Supreme Court on appeal.

APPEAL by defendants from *Gwyn, J.,* December 5, 1966 Civil Session, FORSYTH Superior Court.

The plaintiff, Louise Evans, Employee, instituted this proceeding before the North Carolina Industrial Commission against Topstyle, Inc., Employer, and New Amsterdam Casualty Company, Carrier, for compensation resulting from an industrial accident.

The parties stipulated the jurisdictional facts that on September 9, 1964 the plaintiff claimant sustained an injury by accident arising out of and in the course of her employment by Topstyle, Inc.

Deputy Commissioner W. C. Deldridge conducted two hearings, at which the claimant testified with respect to the injuries to her right wrist. After two surgical operations and much loss of time from work, she was unable to carry on the former employment in which she sustained injury. Dr. Underdal testified to the two surgical operations incident to the treatment of her injury and that she had 20% permanent partial disability of her right hand. In consequence of her inability to carry on her former employment, he recommended that she seek another job. This she did without loss of compensation.

The Deputy Commissioner made specific findings as to the claimant's loss of time from her employment on account of the injury and awarded compensation for the loss and ordered the defendants to make payment accordingly, including the cost of treatment. He made an award after finding the plaintiff had sustained the 20% permanent partial disability to her right hand.

On review, the full Commission adopted the findings and conclusions of the Hearing Commissioner and approved the award. On appeal, Judge Gwyn sustained the Commission's findings of fact, conclusions of law, and affirmed the award. The defendants excepted and appealed.

*Hudson, Ferrell, Petree, Stockton, Stockton & Robinson by W. F. Maready and J. Robert Elster, for defendant appellants.*

*Deal, Hutchins and Minor by Fred S. Hutchins, for plaintiff appellee.*

HIGGINS, J.  By this appeal the defendants ask this Court to review and reverse the judgment entered in the Superior Court by Judge Gwyn approving the disposition of the proceeding made by the Industrial Commission. The scope of the review here was channeled in rather narrow limits by the stipulations entered into at the beginning of the inquiry before the Commission. In addition to the weekly wage and the facts showing jurisdiction of the Industrial Commission, the parties stipulated:

"2.   On September 9, 1964, the claimant sustained an injury by accident arising out of and in the course of her employment;
* * *

5.   Subsequent to the accident on September 9, 1964, the parties entered into an agreement for the payment of compensation for temporary total disability pursuant to which the claimant was paid compensation for a period of time;"

The only disputed issue before the Commission and before Judge Gwyn and now before us involves the award for permanent partial disability as a result of the accident. On this issue, two witnesses testified, the claimant and Dr. Robert G. Underdal, admitted to be a medical expert in the field of orthopedic surgery.

Dr. Underdal first saw claimant on September 14, 1964, five days after the accident. In the course of treating the claimant's injury, Dr. Underdal made many examinations and performed two surgical operations. He testified that in his opinion the claimant has a 20% permanent partial disability of her right hand. During his testimony he testified:

"There was a compression of the nerve . . . and of the tendons . . . that developed from the injury that we were attempting to correct by the operations. . . . It is my opinion that all of her complaints up to this time, April 26, 1966, are explainable by the sprain of the wrist sustained on 9-9-64."

On cross examination Dr. Underdal stated that when he began the treatment he did not expect the injury to run the course it has. "(S)ome of the symptoms have been rather perplexing . . . rheumatoid arthritis and lupus erythematosis (R. p. 27) could account for the trouble . . . these two things . . . could not come from the traumatic injury she had." Dr. Underdal could not say to a medical certainty that the trouble with her right hand came from the injury.

Claimant testified she has had trouble with her right hand at all times since the injury but never before. On cross examination, the medical expert qualified his opinion as to the cause of the permanent partial disability. Even contradictions in the testimony go to its weight, which, after all, is for the fact finding body — in this instance — the Industrial Commission.

Certainly the evidence of claimant and Dr. Underdal, the only witnesses to testify in the case, is sufficient to sustain the Commission's finding that permanent partial disability resulted from the industrial accident. "A finding by the Industrial Commission, if supported by competent evidence, is binding on the Superior Court

Judge who reviews the case and is likewise binding on this Court on appeal." *Osborne v. Ice Co.*, 249 N.C. 387, 106 S.E. 2d 573; *Blalock v. Durham*, 244 N.C. 208, 92 S.E. 2d 758; *Cox v. Freight Lines*, 236 N.C. 72, 72 S.E. 2d 25; *Brooks v. Carolina Rim and Wheel Co.*, 213 N.C. 518, 196 S.E. 835.

The evidence before the Industrial Commission under the rules governing decision on appeals from the Commission, was sufficient to support its findings of and award for 20% permanent partial disability to the claimant's right hand. The judgment entered in the Superior Court of Forsyth County approving the award is

Affirmed.