BILLY P. ROOKS, EMPLOYEE-PLAINTIFF v. IDEAL CEMENT COMPANY, EMPLOYER SELF-INSURER, DEFENDANT

No. 705IC247

(Filed 15 July 1970)

1. Master and Servant § 93; Trial § 6— letter stipulated into evidence — waiver of objection

   Workmen's compensation claimant who stipulated that a doctor's letter could be used in evidence cannot complain that the letter was incompetent as hearsay.

2. Master and Servant § 94— conflict in medical opinions — duty of Industrial Commission

   Where the medical opinions of two physicians conflict as to the condition of the claimant in a workmen's compensation proceeding, the conflict does not have to be resolved in favor of the claimant, since the Industrial Commission has the duty and authority to pass upon the credibility of the witnesses and to resolve conflicts in medical and non-medical testimony.

APPEAL by plaintiff from the Industrial Commission Order of 6 November 1969.

Plaintiff instituted a claim for workmen's compensation and a hearing was held on 30 January 1968. An award was filed on 6 March 1968 with the North Carolina Industrial Commission by Deputy Commissioner Thomas in which he found facts and concluded that plaintiff had no permanent disability resulting from his accidental injury. On 29 August 1968, the Full Commission reviewed the award and by opinion and award filed 23 September 1968 affirmed the opinion and award of Deputy Commissioner Thomas. On 20 January 1969, plaintiff wrote a letter to the Industrial Commission which letter was treated as a

request that the case be reopened on the basis of a change of condition. The case was heard by Deputy Commissioner Delbridge on 13 February 1969 who in turn filed his opinion and award with the Industrial Commission on 29 May 1969, finding that plaintiff had not had a change of condition arising out of the original accident. Plaintiff thereafter appealed to the Full Commission whereupon, on 6 November 1969, the Full Commission filed an opinion and award affirming the opinion and award of Deputy Commissioner Delbridge.

From the adverse opinion and award of the Full Commission, plaintiff appeals.

*Earl Whitted, Jr., for plaintiff appellant.*

*Stevens, Burgwin, McGhee & Ryals, by Ellis L. Aycock, for defendant appellee.*

BROCK, J.

[1]  Appellant's main assignment of error is that the findings of fact and conclusions of law and award as made by Deputy Commissioner Delbridge and affirmed by the Full Commission are not supported by competent evidence. More specifically, appellant contends that Deputy Commissioner Delbridge's finding of fact No. 4 was based upon a letter of one Dr. Dineen which was hearsay and incompetent. Consequently, he argues that the opinion and award of Deputy Commissioner Delbridge was not based on competent evidence.

Appellant stipulated that Dr. Dineen's letter could be used in evidence; he is therefore in no position to complain that it was so used. This assignment of error is without merit.

[2]  Appellant also argues that where the medical opinions of two physicians conflict as to the condition of the claimant in a workmen's compensation claim the conflict should always be resolved in favor of the claimant rather than against him. Appellant's argument completely overlooks the necessity for someone to pass upon the credibility of witnesses. The Industrial Commission has the duty and authority to resolve conflicts in testimony whether medical or not. If the findings made by the Commission are supported by competent evidence they must be

accepted as final truth. *Petty v. Associated Transport,* 4 N.C. App. 361, 167 S.E. 2d 38.

The order appealed from is

Affirmed.

BRITT and HEDRICK, JJ., concur.