ALMA JUANITA CAUBLE, EMPLOYEE-PLAINTIFF v. THE MACKE COMPANY, EMPLOYER-DEFENDANT, AND THE CONTINENTAL INSURANCE COMPANY, CARRIER-DEFENDANT

No. 8510IC777

(Filed 21 January 1986)

**Master and Servant § 94.3— review by Industrial Commission—not limited to any competent evidence standard**

The Industrial Commission erred by not weighing the evidence and by reversing the decision of the Deputy Commissioner and awarding plaintiff additional benefits, apparently under the mistaken impression that the law required a finding for plaintiff if there was any competent evidence to support such a finding. The plenary powers of the Commission are such that upon review it may adopt, modify or reject the findings of the Hearing Commissioner, and in doing so may weigh the evidence and make its own determination as to the weight and credibility of the evidence.

APPEAL by defendants from the North Carolina Industrial Commission. Opinion and Award filed 15 February 1985. Heard in the Court of Appeals 10 December 1985.

Plaintiff sought additional compensation benefits for disabling seizures allegedly related to an injury she suffered when a thirty to fifty pound box fell from a shelf in the kitchen where she was working and struck her across the left eye. The Industrial Commission reversed the decision of the Deputy Commissioner and awarded plaintiff additional benefits in an Opinion and Award which in pertinent part provided:

[T]he essence of this case boils down to a *legal* determination of causation; whether in the record there is *any* competent evidence to support a finding of causation between plaintiff's original compensable injury by accident on March 12, 1981 and plaintiff's subsequent seizure-like behavior beginning on June 11, 1981.

\* \* \* \*

The Court in *Mayo v. City of Washington*, 51 N.C. App. 402, 276 S.E. 2d 747 (1981) stated that, "the fact that other evidence in the record does not support such a finding, and seems to contradict it, is of no consequence to this appeal, as the duty of this Court in reviewing the validity of the Award on appeal is to ascertain whether there is *any* competent evidence in the record to support the finding."

\* \* \* \*

[T]he Court, in *Buck* [*v. Proctor & Gamble Co.*, 52 N.C. App. 88, 278 S.E. 2d 268 (1981)], stated, "viewing the totality of the expert testimony in the light most favorable to plaintiff, there was '*some* evidence that the accident, at least, might have or could have produced the particular disability in question.'"

\* \* \* \*

After considering all of the testimony in the record of the case at hand, and in light of the foregoing well-established principles of law, it is our opinion that there is sufficient competent evidence to support a finding that the injury sustained by plaintiff on March 12, 1981 caused the resulting seizure-like behavior in plaintiff, and thereby producing the particular disability in question. (Emphasis in original.)

From the Opinion and Award of the Industrial Commission, defendants appeal to this Court.

*William S. Eubanks for plaintiff appellee.*

*Hedrick, Eatman, Gardner & Kincheloe, by Martha W. Surles, for defendant appellants.*

ARNOLD, Judge.

Defendants contend that the Commission erred in its decision to award plaintiff further compensation because the findings and conclusions of the Commission were based on a misapprehension of the law. We agree.

The plenary powers of the Commission are such that upon review, it may adopt, modify or reject the findings of fact of the Hearing Commissioner, and in doing so may weigh the evidence and make its own determination as to the weight and credibility of the evidence. *Hollar v. Furniture Co.*, 48 N.C. App. 489, 269 S.E. 2d 667 (1980). The Industrial Commission has the duty and authority to resolve conflicts in the testimony whether medical or not, and the conflict should not always be resolved in favor of the claimant. *Rooks v. Cement Co.*, 9 N.C. App. 57, 175 S.E. 2d 324 (1970).

The Commission in the case at bar did not weigh the evidence. Based on the language in the Opinion and Award, the Commission apparently acted under the mistaken impression that the law required a finding for the plaintiff if there was *any* competent evidence to support such a finding. The authorities cited by the Commission to support this review of the evidence, especially *Mayo v. City of Washington*, 51 N.C. App. 402, 276 S.E. 2d 747 (1981), apply only to the review of evidence by the Court of Appeals and the Supreme Court of this State.

When, as here, facts are found by the Commission under a misapprehension of the law, we are empowered to remand the case so that the evidence may be considered in its true legal light. *Mills v. Fieldcrest Mills*, 68 N.C. App. 151, 314 S.E. 2d 833 (1984). Therefore, the case is remanded to the Industrial Commission to make findings of fact and conclusions of law consistent with this opinion.

Reversed and remanded.

Judges WEBB and WELLS concur.