BOBBY WAGONER, Employee, Plaintiff v. DOUGLAS BATTERY MANUFAC-
TURING COMPANY, Employer, and HARTFORD INSURANCE COMPANY,
Carrier, Defendants

No. 8510IC1023

(Filed 1 April 1986)

**Master and Servant § 94.3— review by Industrial Commission—application of im-
proper standard to the evidence**

The full Industrial Commission erred in failing to weigh the evidence and
in awarding plaintiff workers' compensation benefits under the mistaken im-
pression that the law required a finding for plaintiff if there was any competent
evidence, viewed in the light most favorable to plaintiff, to support such a find-
ing.

APPEAL by defendants from Opinion and Award of the North
Carolina Industrial Commission filed 30 April 1985. Heard in the
Court of Appeals 6 February 1986.

Plaintiff seeks workers' compensation benefits for a psychi-
atric condition which he attributes to a previous compensable in-
jury to his hand. The Hearing Commissioner denied compensation
based on a conclusion that plaintiff's mental illness and resulting
hospitalization were proximately caused by his having been under
the influence of controlled substances. The full Commission,
however, concluded that plaintiff's mental illness and hospitaliza-
tion were proximately caused by his injury by accident which
gave rise to this claim, and that he was entitled to compensation
for such disability. Its Opinion and Award states: "Viewing the
totality of the expert testimony in the light most favorable to
plaintiff, there was 'some evidence that the accident at least
might have or could have produced the particular disability in
question.'"

Defendants appeal.

*David B. Hough and Lawrence J. Fine for plaintiff appellee.*

*Petree, Stockton, Robinson, Vaughn, Glaze & Maready, by
Robert J. Lawing and Jane C. Jackson, for defendant appellants.*

WHICHARD, Judge.

Defendants contend the Commission erred by applying an im-
proper standard to the evidence, and that its determination thus
was based on a misapprehension of the law. We agree.

This Court recently stated:

> The plenary powers of the Commission are such that upon review, it may adopt, modify or reject the findings of fact of the Hearing Commissioner, and in doing so may weigh the evidence and make its own determination as to the weight and credibility of the evidence. *Hollar v. Furniture Co.*, 48 N.C. App. 489, 269 S.E. 2d 667 (1980). The Industrial Commission has the duty and authority to resolve conflicts in the testimony whether medical or not, and the conflict should not always be resolved in favor of the claimant. *Rooks v. Cement Co.*, 9 N.C. App. 57, 175 S.E. 2d 324 (1970).

*Cauble v. Macke Co.*, 78 N.C. App. 793, 795, 338 S.E. 2d 320, 321 (1986).

Here, as in *Cauble*, the Commission did not weigh the evidence. The above-quoted language from the Opinion and Award indicates that the Commission "apparently acted under the mistaken impression that the law required a finding for the plaintiff if there was *any* competent evidence [, viewed in the light most favorable to plaintiff,] to support such a finding." *Cauble*, 78 N.C. App. at 795, 338 S.E. 2d at 321-22. The authority cited by the Commission, *Buck v. Procter & Gamble Co.*, 52 N.C. App. 88, 278 S.E. 2d 268 (1981), applies to review of evidence by appellate courts upon appeal from the Industrial Commission. Appellate courts must follow the "any competent evidence" standard in deciding whether the evidence permits a determination by the Industrial Commission, which is the fact-finder. *Buck, supra*. The fact-finder, however, is not required so to view the evidence. Rather, its duty is to weigh the evidence, resolve conflicts therein, and make its own determination as to weight and credibility. *Cauble*, 78 N.C. App. at 795, 338 S.E. 2d at 321.

"When, as here, facts are found by the Commission under a misapprehension of the law, we are empowered to remand the case so that the evidence may be considered in its true legal light." *Cauble*, 78 N.C. App. at 795, 338 S.E. 2d at 322, citing *Mills v. Fieldcrest Mills*, 68 N.C. App. 151, 314 S.E. 2d 833 (1984). Accordingly, the Opinion and Award is reversed, and the cause is remanded to the Industrial Commission to make findings of fact and conclusions of law consistent with this opinion.

Wagoner v. Douglas Battery Mfg. Co.

Reversed and remanded.

Judges WELLS and COZORT concur.