GAROLD E. BALLENGER, JR., DEPENDENT CHILD OF GAROLD E. BALLENGER, DECEASED, THROUGH HIS GUARDIAN AD LITEM, BRYAN K. HUSFELT, EMPLOYEE-PLAINTIFF v. ITT GRINNELL INDUSTRIAL PIPING, INC., EMPLOYER, AND INSURANCE COMPANY OF NORTH AMERICA, CARRIER-DEFENDANTS

No. 8510IC964

(Filed 7 October 1986)

**Master and Servant § 94.3— workers' compensation—weighing of evidence by Industrial Commission**

Language in a prior opinion in this workers' compensation case stating that it was proper for the Industrial Commission to view the expert testimony

in the light most favorable to the plaintiff is withdrawn and the cause is remanded for a determination of whether the Commission actually and dispassionately weighed the evidence before it concluded that there was sufficient evidence to support a finding in plaintiff's favor.

APPEAL by defendants from the Opinion and Award of the North Carolina Industrial Commission entered 20 March 1985. Heard in the Court of Appeals 5 February 1986. Defendant-appellants' Petition for Rehearing allowed 3 July 1986.

*Pfefferkorn, Pishko & Elliott, P.A., by Robert M. Elliott,* for plaintiff appellee.

*Petree, Stockton, Robinson, Vaughn, Glaze & Maready, by Robert J. Lawing and Jane C. Jackson,* for defendant appellants.

BECTON, Judge.

In an opinion in the above-styled matter filed 6 May 1986, this Court affirmed the decision of the North Carolina Industrial Commission, awarding $195.00 per week for 400 weeks to plaintiff's dependent. *Ballenger v. ITT Grinnell Industrial Piping,* 80 N.C. App. 393, 342 S.E. 2d 582 (1986). In its opinion, this Court distinguished *Cauble v. The Macke Company,* 78 N.C. App. 793, 338 S.E. 2d 320 (1986), noting that "[a]ll that *Cauble* required is that the Commission weigh the evidence before it concludes that there is some evidence to support a finding in plaintiff's favor." In view of defendant's petition to rehear and a case we did not consider, *Wagoner v. Douglas Battery Mfg. Co.,* 80 N.C. App. 163, 341 S.E. 2d 120 (1986), we now remand the case *sub judice* to the Commission for clarification of its Opinion.

Specifically, we are concerned with the following language in the Commission's Opinion which we endorsed in our prior opinion:

After considering all of the testimony in the record in the light of the foregoing well-established principles of law and *viewing the totality of the expert testimony in the light most favorable to the plaintiff,* there was "some evidence that the accident at least might have or could have produced the particular injury in question."

(Emphasis added.) This language misstates the applicable law, and we erroneously adopted it. We are constrained to remand this

case to the Commission for a determination whether, uninfluenced by the above-quoted misstatement, the Commission actually and dispassionately weighed the evidence before it concluded that there was sufficient evidence to support a finding in plaintiff's favor.

We re-emphasize that the Commission is the sole judge of the credibility of the witnesses and the weight to be given their testimony; it may accept or reject all of the testimony of a witness; it may accept a part and reject a part. *Blalock v. Roberts Co.*, 12 N.C. App. 499, 183 S.E. 2d 827 (1971). Even contradictions in the testimony go to its weight, which is for the fact-finder to resolve. *Evans v. Topstyle, Inc.*, 270 N.C. 134, 153 S.E. 2d 851 (1967).

Our 6 May 1986 opinion is withdrawn to the extent that we erroneously endorsed the Commission's misstatement, specifically, when we said:

> [I]t was entirely proper for the Commission, after considering all the evidence, to view the expert testimony in the light most favorable to the plaintiff.

*Ballenger*, 80 N.C. App. at 395, 342 S.E. 2d at 584.

The proper view is that the Commission must weigh the evidence, and as the sole judge of credibility and weight, may then find in favor of either plaintiff or defendant.

In all other respects our previous opinion is affirmed.

Affirmed in part and remanded in part.

Judges JOHNSON and MARTIN concur.