The undersigned have reviewed the Order based upon the record of the proceedings before the Deputy Commissioner.
The appealing party has shown good grounds to reconsider the evidence. However, upon reconsideration of the evidence, the undersigned reach the same facts and conclusions as those reached by the Deputy Commissioner. Neither party here requested the Full Commission to receive further evidence or to rehear the parties or their representatives. The Full Commission, in their discretion, have determined that there are no good grounds in this case to receive further evidence or to rehear the parties or their representatives, as sufficient convincing evidence exists in the record to support their findings of fact, conclusions of law, and ultimate order.
EVIDENTIARY RULING
All objections raised by counsel at the depositions of Drs. David D. Meyer, Douglas R. Metcalf, James D. Yopp, Hunter Gordon Strader, Jr., Louis Pikula, Jr., Courtland H. Davis, Jr., Kenneth G. Tomberlin, Ali Jarrahi, and G. Frank Crowell are ruled upon in accordance with applicable provisions of the law and the Opinion and Award in this case.
* * * * * * * * * * *
Accordingly, the Full Commission find as fact and conclude as matters of law the following, which were entered into by the parties at the hearing and on Industrial Commission Form 21, approved by the Commission on 21 December 1986, and in the Pre-Trial Agreement, dated 1 June 1990, as
STIPULATIONS
1. All parties are properly before the Industrial Commission, and the Industrial Commission has jurisdiction of the parties and of the subject matter.
2. All parties have been correctly designated, and there is no question as to misjoinder or nonjoinder of parties.
3. No parties are appearing in a representative capacity.
4. There are no third-party defendants in this action.
5. At the time in question, plaintiff's average weekly wage was $398.02.
6. Plaintiff's last day of work was 13 September 1986.
7. Plaintiff received temporary total disability payments for the period covering 17 September 1986 through 10 August 1987.
8. Plaintiff's disability began on 17 September 1986.
9. Plaintiff sustained an injury by accident arising out of and in the course of her employment with defendant, when she fell off of a warper and landed on her wrist and buttocks, injuring her left wrist and causing contusions to her lower back and injury to her coccyx.
10. For a period of time, plaintiff's medical expenses for her work-related injury were paid by defendant.
11. The parties agreed to stipulate into evidence an Industrial Commission Form 28B, dated 29 January 1989.
12. The parties agreed to stipulate into evidence a deposition from Dr. James D. Yopp, marked Stipulated Document Number One and a deposition from Dr. Hunter G. Strader, Jr., marked Stipulated Document Number Two.
13. The parties also agreed to stipulate into evidence a packet of medical records, marked Stipulated Document Number Three.
* * * * * * * * * * *
The Full Commission adopt as their own, as complete, all findings of fact found by the Deputy Commissioner, as follows, with minor clarification to Finding of Fact #7.
Based upon the competent and convincing evidence adduced at the hearing, the undersigned make the following additional
FINDINGS OF FACT
1. On 13 September 1986, plaintiff sustained an injury by accident while employed by defendant, when she fell off a warper and landed on her wrist and buttocks, injuring her left wrist and causing contusions to her lower back and injury to her coccyx.
2. 13 September 1986 was plaintiff's last day of employment with defendant.
3. As a result of her injury by accident on 13 September 1986, plaintiff has been paid by defendant temporary total disability compensation for 46.57 weeks, from 17 September 1986 to 10 August 1987, at the rate of $265.12.
4. Prior to 13 September 1986, plaintiff had numerous medical problems for which she was consulting various physicians, including heart problems, which were being treated by Dr. James D. Yopp and psychiatric problems, for which she was seeing Dr. Ali Jarrahi.
5. Plaintiff has also been seen and/or treated by Dr. David Meyer, a neurologist, Dr. Douglas Metcalf, a rheumatologist, Dr. Hunter Strader, a family physician, Dr. Louis Pikula, Jr., a neurosurgeon, Dr. Courtland Davis, Jr., a neurosurgeon, Dr. Kenneth Tomberlin, an orthopedist, and Dr. Frank Crowell, a neurologist.
6. Currently, plaintiff suffers from degenerative disc disease, involving the lumbar sacral spine, coronary artery disease, hepatitis, gastrointestinal problems and depression, which prevent her from returning to work. These conditions, however, are not related to her injury by accident on 13 September 1986.
7. Plaintiff has reached maximum medical improvement from the injuries she incurred as a result of her injury by accident.
8. Plaintiff is entitled to no further temporary total disability compensation as a result of her injury by accident on 13 September 1986.
9. Plaintiff sustained no permanent partial disability as a result of her injury by accident on 13 September 1986.
* * * * * * * * * * *
Based upon the findings of fact as found by the Deputy Commissioner and adopted by the Full Commission, the Full Commission find as follows:
CONCLUSIONS OF LAW
1. As a result of her injury by accident on 13 September 1986, plaintiff is entitled to no further temporary total disability. Plaintiff's wage-earning capacity was not affected as a result of her compensable injury for periods beyond those for which she has already been paid.
2. As a result of her injury by accident on 13 September 1986, plaintiff did not sustain, and is not entitled to compensation for, any permanent partial disability. N.C.G.S.97-31. Plaintiff argues that the Deputy Commissioner erred in not awarding permanent partial disability, as plaintiff had been given an impairment rating by at least one of her physicians. However, an impairment rating is not equal to a necessary finding of causation, which is the lacking feature in this case. Any relation by plaintiff's physicians of plaintiff's ailments to the 13 September 1986 accident was necessarily based upon plaintiff's description of no problems prior to the injury and subsequent problems following the injury. No clear medical causation is present to link plaintiff's current ailments to the 13 September 1986 accident. This was obviously a credibility determination to be made and, based upon the record as a whole, and inconsistencies and alternative causes contained therein, the undersigned have resolved these inconsistencies and determined that sufficient causation does not exist to relate any permanent impairment plaintiff may now have to the 13 September 1986 injury. Cauble v.Macke Co., 78 N.C. App. 793, 338 S.E.2d 320 (1986).
3. As a result of her injury by accident on 13 September 1986, plaintiff did not sustain, and is not entitled to compensation for, any permanent partial disability. N.C. Gen. Stat. 97-31.
4. Plaintiff is entitled to medical treatment for any future ailment which may be found to be related to the 13 September 1986 accident, provided such treatment may effect a cure, give relief, or lessen the period of disability.
* * * * * * * * * * *
Based upon these conclusions of law, the Full Commission have determined there exists no basis for amending the Order. Accordingly, the foregoing stipulations, findings of fact, and conclusions of law engender the following:
ORDER
1. Under the law, plaintiff's claim for further benefits is DENIED.
2. Each side shall bear its own costs. In addition, defendant shall pay expert witness fees of $300.00 to Dr. Meyer and $200.00 to Dr. Crowell.
3. Pursuant to the Hyler decision, plaintiff is entitled to such future medicals as may be found to be related to the 13 September 1986 accident, provided such treatment may effect a cure, give relief, or lessen the period of disability.
This the __________ day of ________________________, 1994.
 S/ ________________________ J. HOWARD BUNN, JR. CHAIRMAN
CONCURRING:
S/ _______________________ J. RANDOLPH WARD COMMISSIONER
S/ _______________________ GREGORY M. WILLIS DEPUTY COMMISSIONER
JHB/nwm 03/10/94