Opinion and Award based upon the record of proceedings before Deputory Commission Lorrie L. Dollar and the oral arguments before the Full Commission. The appealing party has not shown good ground to reconsider the evidence, receive further evidence or to amend the opinion and award. The Full Commission, however, has modified Conclusion of Law Number Three reflecting the detrimental effect on defendant caused by plaintiff's failure to give written notice within thirty (30) days.
* * * * * * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. The parties were subject to and bound by the provisions of the North Carolina workers' compensation act at all times between 23 August 1992 and 2 April 1993.
2. An employer-employee relationship existed between the parties at the relevant time.
3. Freightliner Corporation is a duly qualified self-insurer under the law.
4. The parties stipulated into the record eight pages of medical reports of Dr. Donald Joyce and two pages of records from Kaiser Permanente.
5. Plaintiff's name does not appear at any time in the nurse's log notes of Freightliner for the months of January through March 1994.
6. When an employee visits the nurses station for the sole purpose of obtaining pain medication such as ibuprofen, the occupational nurse does not acknowledge the employ's receipt of this medication by making an entry in the nurse's log notes.
7. At the initial hearing before Deputy Commissioner Dollar, the following exhibits were received into evidence:
 a. Plaintiff's Exhibit Number (1), a 23 April 1993 letter of Karen Molli to Bill Kold;
 b. Plaintiff's Exhibit Number (2), Kaiser Permanente forms;
 c. Plaintiff's Exhibit Number (3), a 15 April 1993 Statement of James Fleetwood Williams;
 d. Defendant's Exhibit Number (1), a Random Drug Test Agreement.
e. Defendant's Exhibit Number (2), a Drug Screen;
 f. Defendant's Exhibit Number (3), a 12 April 1993 Accident Report; and
g. Defendant's Exhibit Number (4), a Day Log Sheet.
Following the hearing before Deputy Commissioner Dollar, the parties submitted a two-page supplemental stipulation, dated 21 March 1994.
* * * * * * * * * * * *
The Full Commission adopts the findings of fact found by the deputy commissioner as follows:
FINDINGS OF FACT
1. The plaintiff began his employment with defendant Freightliner in August of 1992, and in early 1993 he worked as a truck assembler in the pre-paint chassis department, where he assembled front-ends for Freightliner trucks.
2. Plaintiff testified that on or about 7 February or 8 February 1993, while working on second shift, he bent over and reached into a parts basket to lift out a 112, which weighed around forty pounds. Plaintiff testified that he felt a sharp burning in his low back as he raised up with a part.
3. In February of 1993, Carolyn Larry was the substitute nurse for defendants, during the leave of plant nurse Marilyn Hamrick. During this service at defendant Freightliner, Nurse Larry recorded a number of back injuries in the nurse's log. Only headaches, stomach aches or other common maladies are treated without being noted in the nurse's log; however, back injuries and other work related injuries are recorded in the log. Ibuprofen was kept at the counter for employees to get on an as needed basis for headaches and the like.
4. As a condition of his employment, plaintiff was required to submit to random drug screening, and on 6 April 1993 plaintiff was sent to First Health for the collection of a urine sample. As a result of this test, plaintiff tested positive for the presence of cocaine and on 12 April 1993 his employment was terminated.
5. During his employment plaintiff was paid $11.90 per hour, which yields an average weekly wage of $476.00.
6. On 8 April 1993, plaintiff telephoned nurse Marilyn Hamrick to discuss his having injured his back in February of 1993. Nurse Hamrick advised that plaintiff go to First Health for an evaluation. However, plaintiff did not go to First Health.
7. On 12 April 1993 plaintiff reported that he could not stand up while performing the hucking job over his shift. This job was part of plaintiff's regular work and was being performed in the usual way. A Form 19 was prepared which listed 1 February 1993 as the date of injury, as this was the date plaintiff related because this was the date plaintiff related as the Form 19 was being prepared.
8. Plaintiff was examined by Dr. McIntosh at Kaiser Permanente where he related a history of an injury to his back while lifting a motor. Dr. McIntosh diagnosed plaintiff as having low back strain and referred plaintiff to orthopedist Donald Joyce, M.D. Dr. Joyce ordered physical therapy and on 1 June 1993, opined that plaintiff's difficulties were attributable to psychological problems and not to his back. Dr. Joyce reiterated this opinion on 3 August 1993 when he released plaintiff.
9. James Pennington, supervisor of the pre-paint chassis department, became aware of plaintiff's injury in April of 1993. Defendants policy permitted employees to report injuries to the union lead man; however, the employee was to report the injury to their supervisor before going to the plant nurse.
10. Defendants did not have written or actual notice within thirty (30) days that plaintiff was claiming he injured his back at work. It was not until 8 April 1993 that plaintiff discussed a back injury with Nurse Hamrick, and it was not until 12 April 1993 that plaintiff related that he had injured his back on 1 February 1993.
11. Plaintiff did not offer a reasonable excuse for the failure to notify defendants within thirty (30) days of the incident giving rise to this claim.
12. Upon learning from Nurse Hamrick in April of 1993 of plaintiff's alleged back injury, Mr. Pennington interviewed plaintiff's coworkers. Mr. James Williams told Mr. Pennington that he was not aware of plaintiff's having injured his back at work. However, when Mr. Pennington asked Mr. Williams to provide a written statement, Mr. Williams changed his statement indicating that plaintiff had told him he had hurt his back while lifting a gear box. Mr. Williams testified at the hearing that he did not see plaintiff hurt his back. However, on 28 June 1993, Mr. Williams gave a recorded statement to defendants which stated that he witnessed plaintiff injure his back and that he saw plaintiff's pained expression when he leaned over to pick up a front-end. Mr. Williams' testimony in this matter is not accepted as credible, de to the inconsistencies of the four versions of his knowledge of the mater
13. Mr. Sherman Mason, another coworker, testified that plaintiff told him of a back injury and that plaintiff needed help to perform his job and that Mr. Mason had assisted him. However, on 28 June 1993, Mr. Mason gave recorded statement in which he stated that he was not aware of any difficulty plaintiff had in performing his job.
14. Plaintiff testified that he injured his back on 7 or 8 February 1993 and that he told Mr. James Williams about it. Plaintiff stated that Mr. Williams advised that he report the injury to his supervisor and go to the nurse's station. Plaintiff further testified that he went to the nurses' station because he did not see his supervisor, and that a white female with dark hair was the substitute nurse to whom he reported his back injury. The plaintiff's testimony regarding the alleged injury on 7 or 8 February 1993 is not accepted as credible nor is his testimony regarding his alleged report of the injury to a substitute nurse.
15. Plaintiff testified that he told Ms. Karen Mollie of his positive drug test for cocaine and that she indicated that his medication may have produced a false positive. However, this testimony is likewise not accepted as credible. Ms. Mollie's letter to Mr. Bill Kold clearly indicates that plaintiff did not tell her the test was positive for the presence of cocaine.
* * * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. Plaintiff did not sustain a compensable injury on or about 1, 7 or 8 February 1993. N.C. Gen. Stat. § 97-2(6).
2. Plaintiff's testimony, which, if believed, would tend to establish that he sustained a compensable injury on or about 7 or 8 February 1993 is not accepted as credible. The Commission is the soled judge of the truthfulness and the weight to be afforded their testimony. Blalock v. Roberts Co., 12 N.C. App. 499,183 S.E.2d 827 (1971). The Commission has the duty and authority to resolve conflicts in the testimony of a witness or witnesses. If the findings made by the Commission are supported by competent evidence, they must be accepted as final truth. Rooks v. CementCo., 9 N.C. App. 57, 170 S.E.2d 324 (1970).
3. If plaintiff had offered credible evidence of a compensable injury, his claim would nevertheless be denied, pursuant to N.C. Gen. Stat. § 97-22, which provides that no compensation shall be payable unless written notice is given within thirty (30) days after the injury giving rise to the claim. In this case no written notice was given within thirty (30) days and defendant was prejudiced thereby.
* * * * * * * * * * * *
Based on the foregoing Findings of Fact and Conclusions of Law, the Full Commission Affirms the holding of the Deputy Commissioner and enters the following:
AWARD
1. Plaintiff's claim is and under the law must be DENIED.
2. Each side shall bear its own costs.
 S/ _______________________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
S/ _______________________ DIANNE C. SELLERS COMMISSIONER
S/ _______________________ COY M. VANCE COMMISSIONER