Defendants have made a motion to dismiss plaintiff's appeal to the Full Commission on the grounds that, pursuant to Rule 701 of the Workers' Compensation Rules, plaintiff's Form 44 does not state the grounds for plaintiff's appeal with particularity and therefore should be dismissed. Pursuant to Rule 801, in the interest of justice and noting plaintiff's pro se status, the Form 44 is HEREBY DEEMED to be sufficient, and defendants' motion to dismiss is, therefore, HEREBY DENIED.
The undersigned have reviewed the Award based upon the record of the proceedings before the Deputy Commissioner.
The appealing party has shown good grounds to reconsider the evidence. However, upon reconsideration of the evidence, the undersigned reach the same facts and conclusions as those reached by the Deputy Commissioner. The Full Commission, in their discretion, have determined that there are no good grounds in this case to receive further evidence or to rehear the parties or their representatives, as sufficient convincing evidence exists in the record to support their findings of fact, conclusions of law, and ultimate order.
Accordingly, the Full Commission find as fact and conclude as matters of law the following, which were entered into by the parties as
STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act, with the defendants employing three or more regular employees.
2. The date of any alleged injury by accident is 5 November 1992.
3. At all times pertinent hereto, there was an employee-employer relationship between the plaintiff and the defendant.
4. Travelers Insurance Company is the insurance carrier on the risk.
5. Plaintiff has not worked for defendant from 12 November 1992 and continuing through the date of the initial hearing.
6. Plaintiff has received unemployment benefits in the amount of $2,400.00.
* * * * * * * * * * *
The Full Commission adopt as their own all findings of fact found by the Deputy Commissioner, with minor technical modifications, as follows:
Based upon the competent and convincing evidence adduced at the hearing, the undersigned make the following additional
FINDINGS OF FACT
1. At the time of the hearing, plaintiff was 38 years old, with a date of birth of 17 May 1956. For her education, plaintiff had completed high school in Poland. She came to the United States in 1983. For her first year in the United States, she did not work, but stayed home to care for her children. In 1987 plaintiff began working for a plastics container factory in New Jersey. After one and a half years, plaintiff stopped working to care for her children. In 1992 plaintiff separated from her husband, and plaintiff returned to work at a temporary agency. In November, 1992, plaintiff was a permanent employee of the defendant, in a job operating a label machine. Plaintiff claimed that she was unable to operate the machine alone and that she needed a helper, although she told her supervisor that she could do better if she made more money.
2. On 5 November 1992 plaintiff did not report a work-related injury to the defendant. Plaintiff knew of the policy to report all work-related accidents. On 7 November 1992 plaintiff gave a doctor's excuse to her supervisor, and this was the first notice defendant had any alleged injury by accident at work. Plaintiff sought no medical treatment between November 1992 and June 1993.
3. The last day plaintiff worked for the defendant was on 9 November 1992, although plaintiff was not off the defendant's payroll until 12 November 1992. Plaintiff was out of work for about a month; and she returned to work from December 1992 through February 1993 at a grocery store, earning about $90.00 per week as a cashier. After the grocery store, plaintiff had no gainful employment for about a year, between February 1993 and January 1994.
4. Eight months after she left defendant's employment, plaintiff's attorney (who had withdrawn at the time of the hearing) referred her to Dr. Darden for treatment. Plaintiff received treatment from Dr. Darden about four or five times between June 1993 and October 1993. Plaintiff received no medical treatment between October 1993 and March 1994. In March 1994 plaintiff went to Dr. Patrick, a family doctor in South Carolina. At the time of Dr. Patrick's examination, plaintiff was on Medicaid. The South Carolina Office of Vocational Rehabilitation referred plaintiff to Dr. Holmes for a functional capacity evaluation which had been done two weeks before the first hearing.
5. After January, 1994, plaintiff began employment with a temporary agency. Plaintiff worked for three weeks at Frito-Lay, earning about $100.00 per week. She worked for Clear Knit for four weeks in February 1994, earning about $120.00 per week; and she worked for Roach Industries for four weeks in April 1994, earning about $160.00 per week. At the time of the initial hearing in June 1994, plaintiff had not worked since April 1994.
6. Plaintiff's testimony regarding the events of 5 November 1992 and her physical condition after 5 November 1992 are not accepted as credible or convincing by the undersigned. This finding is based, in part, on plaintiff's demeanor at the initial hearing before the Deputy Commissioner. Based on plaintiff's lack of credibility and convincingness as to her version of the details of this case as it transpired, the undersigned find that the event which plaintiff alleges of 5 November 1992 did not, in actuality, occur.
7. There is insufficient credible and convincing evidence of record or credible and convincing medical evidence from which the undersigned can infer from its greater weight that any inability of plaintiff to be gainfully employed after 5 November 1992 was caused by any work-related incident.
* * * * * * * * * * *
Based upon the findings of fact as found by the Deputy Commissioner and adopted by the Full Commission, the Full Commission find as follows:
CONCLUSION OF LAW
1. On 5 November 1992 plaintiff did not sustain an injury by accident arising out of and in the course of her employment with defendant-employer, nor did she injure her back as a result of a specific traumatic incident while performing her assigned work duties. N.C.G.S. § 97-2 (6).
2. It is well established that the Industrial Commission is the sole judge of credibility and weight to be given the testimony at hearing, and may accept or reject any or all of the testimony of a witness. Blalock v. Roberts Co., 12 N.C. App. 499, 183 S.E.2d 827 (1971). Although the Full Commission has the power to review determinations made by their Deputy Commissioners on the credibility of witnesses, the hearing officer is the best judge of the credibility of witnesses because he is the firsthand observer of the witnesses whose testimony must be weighed and then accepted or rejected. Pollard v. Krispy Waffle # 1, 63 N.C. App. 354,304 S.E.2d 762 (1983). Finally, it is noted that the Industrial Commission has the duty and authority to resolve conflicts in the evidence, and the conflicts need not be resolved in favor of the claimant. Cauble v. Macke Co., 78 N.C. App. 793, 338 S.E.2d 320
(1986).
3. The undersigned have reviewed the transcript of plaintiff's testimony in detail; and this review, coupled with the Deputy Commissioner's determinations, based on plaintiff's demeanor, have convinced the undersigned not to disturb the credibility determination made by the Deputy Commissioner.
* * * * * * * * * * *
Based upon these conclusions of law, the Full Commission have determined there exists no basis for amending the Award. Accordingly, the foregoing stipulations, findings of fact, and conclusions of law engender the following:
ORDER
1. Plaintiff's claim for compensation pursuant to the North Carolina Workers' Compensation Act must be, and the same is hereby, DENIED.
2. Each side shall pay their own costs.
This the __________ day of ________________________, 1995.
 S/ _______________________ J. HOWARD BUNN, JR. CHAIRMAN
CONCURRING:
S/ _______________________ J. RANDOLPH WARD COMMISSIONER
S/ _______________________ COY M. VANCE COMMISSIONER
JHB/nwm 04/11/95