I respectfully dissent from the majority Opinion and Award reversing the Deputy Commissioner and would affirm the Opinion and Award of the Deputy who placed greater weight on the opinion of Dr. Landis, an occupational pulmonary medicine specialist, than on that of Dr. Fenning, an internal medicine physician, hematologist, and oncologist since this case involves the causation of a pulmonary disease.
The conflict of opinions between medical experts is for the Commission to resolve and the Commission determines the weight to be given to the medical evidence presented. Rooks v.Cement Company, 9 N.C. App. 57, 175 S.E.2d 324, cert. denied,277 N.C. 112 (1970). Giving greater weight to the opinion of Dr. Landis, an occupational pulmonary medicine specialist, the medical evidence of record does not support the determination that plaintiff's chronic obstructive pulmonary disease was causally related to and, though it was aggravated, it was not significantly aggravated by conditions of her employment with defendant Pelton 
Crane. Furthermore, the medical evidence of record does not support the determination that plaintiff's chronic obstructive pulmonary disease is a disease which is characteristic and peculiar to her employment with defendant and not an ordinary disease of life to which the public is equally exposed. Considering the exposure data and the chemicals at plaintiff's work, Dr. Landis opined that it is unlikely that plaintiff would have been exposed to a greater risk of developing chronic obstructive pulmonary disease than the general public. In fact, Dr. Landis was of the opinion that plaintiff would have developed chronic obstructive pulmonary disease to the same extent, at the same point in time even if she had not worked in the area with the paint and had had no exposure to paint.
According to Dr. Landis, a patient's history and length and amount of exposure are important factors in determining causation of chronic obstructive pulmonary disease. Plaintiff has a history of respiratory problems, cigarette smoking for 35 years, and possible esophageal reflux which are all causal factors in chronic obstructive pulmonary disease. The amount of air contamination at Pelton Crane was significantly below OSHA limits. In addition, plaintiff wore a protective respirator to reduce her exposure. Further, plaintiff did not express that leaving the work environment gave her any relief.
Giving greater weight to the medical opinion of the pulmonary specialist, Dr. Landis, and considering the factors mentioned above, I would affirm the Deputy's denial of this claim on the basis that the medical evidence does not support a causal relation between or significant aggravation of plaintiff's condition and her work environment.
 S/ _________________ DIANNE C. SELLERS COMMISSIONER