The undersigned have reviewed the Opinion and Award based upon the record of the proceedings before the deputy commissioner.
Defendants have moved to dismiss plaintiff's appeal due to plaintiff's failure to file a Form 44 or brief in her case. Further, plaintiff did not appear at scheduled oral arguments, and defendants again renewed their motion to dismiss plaintiff's appeal. Pursuant to Rule 801 of the North Carolina Workers' Compensation Rules, in the interest of justice and noting plaintiff's present pro se status, the undersigned waive the technical filing rules and proceed to consider plaintiff's appeal on the merits. Therefore, defendants motion is HEREBY DENIED, and the undersigned review the record of the deputy commissioner for any possible errors.
However, upon much detailed reconsideration of the evidence, the undersigned reach the same facts and conclusions as those reached by the deputy commissioner, with some minor modifications. The Full Commission, in their discretion, have determined that there are no good grounds in this case to receive further evidence or to re-hear the parties or their representatives, as sufficient convincing evidence exists in the record to support their findings of fact, conclusions of law, and ultimate order.
Accordingly, the undersigned find as fact and conclude as matters of law the following, which were entered into by the parties at the hearing as
STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. An employer-employee relationship existed between plaintiff and defendant-employer at all relevant times.
3. CIGNA Property and Casualty Company is the carrier on the risk,
4. Plaintiff allegedly sustained an injury to her back on January 5, 1995.
5. Plaintiff's average weekly wage is to be established through the Form 22.
6. Medical records stipulated into evidence are as follows:
 a. Dr. Nathan L. Burkhardt (Blue Ridge Bone Joint Clinic) (4pp.)
b. Asheville MRI (1 p.)
c. St. Joseph's Hospital (24 pp.)
d. St. Joseph's Urgent Care South (8 pp.)
e. Memorial Mission Hospital (15 pp.)
f. Dr. Keith M. Maxwell (Southeastern Spine Center) (4 pp.)
g. Dr. Sean R. Maloney (8 pp.)
h. Buncombe County Health Department (15 pp.)
i. Dr. IL Sung Lee (8 pp.)
7. The issues for determination are:
 a. Did plaintiff sustain an injury by accident on January 5, 1995?
 b. If so, to what compensation is plaintiff entitled?
**********
Based upon all of the competent, credible, and convincing evidence of record and reasonable inferences drawn therefrom, the undersigned make the following additional
FINDINGS OF FACT
1. Plaintiff is a twenty-seven year old female who has obtained her GED.
2. Plaintiff began working for defendant-employer Eblen Short Stop Stores in 1994 as a cashier and deli clerk. Her work included lifting and maneuvering boxes of various sizes in stocking the store and deli. Plaintiff was required to stand in order to do her work.
3. On January 5, 1995, plaintiff stated that she was lifting a 50-pound box of ribs and simultaneously felt a burning sensation running down her neck and back. She stated that she felt sick to her stomach. Further she stated that she felt unrelenting pain as well as was unable to perform her job or to work normally on the day of her injury.
4. Plaintiff stated that she informed her co-worker Michele Rice Lindsay and store manager Barbara Holder of her injury on January 5, 1995, According to plaintiff, Ms. Lindsay massaged her neck to ease her pain.
5. Plaintiff's testimony is not corroborated either by Ms. Lindsay or Ms. Holder. Ms. Lindsay was taking inventory that day with plaintiff; however, plaintiff did not inform her of a work-related injury. Plaintiff did not manifest any pain symptoms on January 5, 1995, and Ms. Lindsay did not massage plaintiff's neck.
6. Ms. Holder had a death in her family and did not even work on January 5, 1995. When Ms. Holder returned to work on January 6, 1995, plaintiff did not exhibit any visible symptoms of a back injury. Moreover, plaintiff did not verbally inform her of a work-related injury occurring on the previous day.
7. Ms. Lindsay's testimony is particularly informative because as she was not at the time of hearing and of her testimony an employee of defendant-employer, she had no interest in the outcome.
8. The undersigned give considerable weight to the testimony of both Ms. Lindsay and Ms. Holder and finds the testimony of both women to be credible and convincing.
9. Plaintiff continued to work for defendant-employer following January 5, 1995. On January 12, 1995, plaintiff informed Ms. Holder that she was experiencing some lower extremity pain near her kidney region. Plaintiff mentioned she might have a kidney infection. During the course of the conversation between plaintiff and Ms. Holder, plaintiff went to a refrigerator and drank some cranberry juice.
10. Plaintiff sought treatment at St. Joseph's Urgent Care on January 13, 1995, and did not report a specific history of an incident occurring on January 5, 1995, involving the lifting of a box of ribs. Instead, plaintiff indicated that she had performed heavy lifting over the course of one week. Plaintiff also alluded to a prior medical history of low back pain. Plaintiff filed for medical treatment through her own personal health insurance and noted that she was the responsible party.
11. Plaintiff also sought treatment for her back on January 16, 1995, and again filed for treatment on her health insurance without any mention that she had suffered a workers' compensation injury.
12. Plaintiff continued to work for defendant-employer during the month of January without missing any time from work.
13. In early February 1995, plaintiff assisted her sister in a move from one mobile home to another. On the day of the move, plaintiff rented a moving truck from Eblen Short Stop Stores. She was observed by Deborah Hartman, a store employee. Plaintiff looked and moved normally when she came to rent the truck.
14. Plaintiff, while helping her sister move that day, lifted up a bed with another individual and experienced low back pain. Ms. Hartman also observed plaintiff when she returned the truck. At this time, plaintiff appeared to be in extreme pain and was bent over. She walked stooped over like an old lady. Plaintiff requested that an employee from Eblen Short Stop Stores fill the moving truck up with gasoline as she was unable to do so.
15. Plaintiff sought emergency treatment on February 12, 1995, at Memorial Mission Hospital Emergency Room and provided a history to the physician that she injured her back in December 1994 and then again on February 8, 1995, while carrying a bed. During her Emergency Room treatment, plaintiff did not mention the claimed incident involving lifting a box of ribs on January 5, 1995.
16. After the bed lifting incident, plaintiff sought treatment with Dr. Burkhardt of Blue Ridge Bone Joint Clinic. Dr. Burkhardt returned plaintiff to work without any restrictions on March 27, 1995. Plaintiff returned to work for Eblen Short Stop Stores and performed her regular job duties for 2 1/2 weeks. Plaintiff next missed three days of work without informing the employer of her whereabouts.
17. Defendant-employer Eblen Short Stop Stores has a company policy that three days of nonappearance without excuse will result in termination. Plaintiff was terminated in April 1995.
18. Plaintiff was only out of work for brief period of time after her employment was terminated by defendant-employer. She then obtained employment at Revco and Lowe's. Next plaintiff obtained employment at Erwin Hills Country Store, where her job duties did not require much lifting.
19. On May 28, 1995, plaintiff was involved in yet another traumatic incident. On that day, plaintiff's fiancé shoved her against a wall. Plaintiff was brought to the Emergency Room at Memorial Mission on a back board. The Emergency Room medical record states that plaintiff was pushed down and fell on her coccyx, experiencing lumbar and left leg pain as well as back spasms. A contusion on her back was noted on the medical records. Despite these medical records, plaintiff insisted at the initial hearing that the incident with her fiancé caused only emotional rather than physical problems.
20. Plaintiff's most recent job has been at a Subway restaurant which began in approximately June 1996.
21. There is insufficient competent, credible or convincing medical evidence of record to prove by its greater weight that plaintiff's back condition in February and May 1995 was related to or caused by any incident occurring in January of 1995 on her job with defendant-employer.
22. Plaintiff's testimony, which if believed would tend to indicate that she sustained a work-related injury to her back on January 5, 1995, is simply not credible or convincing to the undersigned. The testimony of plaintiff's co-workers does not corroborate an injury or incident on that date. The medical records and testimony of other witnesses support the inference of injury in February 1995 as a result of non-work-related lifting of furniture and an exacerbation of that injury as a result of domestic discord in May 1995.
23. Plaintiff has not proven by a preponderance of the competent, credible or convincing evidence of record that she sustained an injury to her back in January 1995.
**********
The foregoing findings of fact and conclusions of law engender the following additional
CONCLUSIONS OF LAW
1. Plaintiff has failed to prove by a preponderance of the competent, credible and convincing evidence of record that she suffered a work-related injury on January 5, 1995. Plaintiff did not sustain an injury to her back by way of a specific traumatic incident arising out of and in the course and scope of her employment on January 5, 1995. N.C. Gen. Stat. § 97-2(6).
2. It is well established that the Industrial Commission is the sole judge of credibility and weight to be given the testimony at hearing, and may accept of reject any or all of the testimony of a witness. Blalock v. Roberts Co., 12 N.C. App. 499, 183 S.E.2d 827
(1971). It is further noted that the Industrial Commission has the duty and authority to resolve conflicts in the evidence and the conflicts need not be resolved in favor of the claimant. Cauble v.Macke Co., 78 N.C. App. 793, 338 S.E.2d 320 (1986).
**********
Based upon the foregoing findings of fact and conclusions of law, the undersigned enters the following
AWARD
1. Plaintiff's claim must be and is hereby DENIED.
2. Each side shall pay its own costs.
This case is ORDERED REMOVED from the Full Commission hearing.
This the __________ day of ___________________, 1998.
 S/ ________________ J. HOWARD BUNN, JR. CHAIRMAN
CONCURRING:
S/ ______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
S/ ______________________ BERNADINE S. BALLANCE COMMISSIONER