I concur in the majority opinion in this case, but write separately to specifically disagree with the dissenting opinion's reference to an appellate standard of review in weighing the evidence in this case.
The Full Commission is not an appellate body. When review is brought from a deputy commissioner's decision to the Full Commission, the Full Commission sits as the ultimate trier of fact rather than as an appellate body. N.C.G.S. § 97-85; Adams v. AVX Corporation, 349 N.C. 676,509 S.E.2d 411 (1998). In contrast to appellate review of a Full Commission decision by the appellate courts, the determinations made by a deputy commissioner are not conclusive on the Full Commission. See Adamsv. AVX Corporation, supra; compare N.C.G.S. § 97-85 (full Commission shall review the award, receive further evidence, rehear the parties)with N.C.G.S. § 97-86 (award of Commission shall be binding as to all questions of fact). Thus, the Full Commission decides claims on the evidence before the Commission based on the greater weight of the credible evidence. See Adams v. AVX Corporation, supra (Commission is the sole judge of the credibility of the witnesses and the weight to be given their testimony).
The dissenting opinion inappropriately cites an appellate standard of review when it quotes Adams to say:
 "The evidence tending to support plaintiff's claim is to be viewed in the light most favorable to plaintiff, and plaintiff is entitled to the benefit of every reasonable inference to be drawn from the evidence."
This statement is taken out of context from the Adams decision. When this statement is placed in context, it is apparent that the Supreme Court was referring to appellate review, not the ultimate fact-finding of the Full Commission:
 "`The findings of fact by the Industrial Commission are conclusive on appeal if supported by any competent evidence.' Gallimore v. Marilyn's Shoes, 292 N.C. 399, 402, 233 S.E.2d 529 at 531 (1977). Thus on appeal, this Court `does not have the right to weigh the evidence and decide the issue on the basis of weight. The court's duty goes no further than to determine whether the record contains any evidence tending to support the finding. Anderson, 265 N.C. at 434, 144 S.E.2d at 274. "N.C.G.S. § 97-86 provides that an `award of the Commission upon such review, as provided in G.S. § 97-85, shall be conclusive and binding as to all questions of fact.' N.C.G.S. § 97-86
(1991). As we stated in Jones v. Myrtle Desk Co., 264 N.C. 401, 141 S.E.2d 632 (1965), `[t]he findings of fact of the Industrial Commission are conclusive on appeal when supported by competent evidence, even though there be evidence that would support findings to the contrary" Id. at 402, 141 S.E.2d at 633. The evidence tending to support plaintiff's claim is to be viewed in the light most favorable to plaintiff, and plaintiff is entitled to the benefit of every reasonable inference to be drawn from the evidence."
Adams v. AVX Corp., supra, 349 at 681. When placed in proper context, it is apparent that the Supreme Court was stating that on appeal the findings of the Full Commission awarding benefits for the plaintiff-employee are to be viewed in the light most favorable to plaintiff because he was the successful party before the Commission. Under Section 97-86 the findings of the Commission are binding unless there is no competent evidence to support the findings.
Under these circumstances, it is no more reasonable for a Commissioner to cite the "viewed in the light most favorable to plaintiff" language ofAdams, than it would be for another Commissioner to hold that the evidence is to be viewed in the light favorable to defendant as found inBosley v. Alexander, 114 N.C. App. 470, 442 S.E.2d 82 (1994) ("viewed in light most favorable to defendant" used to determine jury question),Guilford County v. Kane, 114 N.C. App. 243, 441 S.E.2d 556 (1994) (denial of directed verdict judged under "viewed in light most favorable to defendant" standard) and numerous other decisions. This is an appellate standard of review applicable to legal sufficiency issues such as an appeal to the appellate courts from a directed verdict, summary judgment, jury issue submission, and other proceedings. This standard is not applicable to the trier of fact. The image of fairness, represented by the slogan that "justice is blind," requires that the Commission review the case with fairness to all parties rather than merely review a claim through rose colored glasses that favors one party over another.
Moreover, the suggestion that the Commission is to weigh evidence in favor of one party has frequently been rejected by our appellate courts in workers' compensation cases. In Rooks v. Ideal Cement Co.,9 N.C. App. 57, 175 S.E.2d 324 (1970), the Court of Appeals rejected this position when it stated:
 "Appellant also argues that where the medical opinions of two physicians conflict as to the condition of the claimant in a workers' compensation claim the conflict should always be resolved in favor of the claimant rather than against him. Appellant's argument completely overlooks the necessity for someone to pass upon the credibility of witnesses. The Industrial Commission has the duty and authority to resolve conflicts in testimony whether medical or not. If the findings made by the Commission are supported by competent evidence they must be accepted as final truth."
Thus, the Court of Appeals in Rooks affirmed a Full Commission decision in favor of the defendant despite contrary evidence in the record favoring plaintiff's claim.
Similarly, the Courts of Appeals in Cauble v. The Macke Co.,78 N.C. App. 793, 338 S.E.2d 320 (1986) and Wagoner v. Douglas BatteryManufacturing Co., 80 N.C. App. 163, 341 S.E.2d 120 (1986) reversed decisions of the Full Commission because the Commission improperly applied a "viewed in the light most favorable to plaintiff" standard. InCauble, the Court of Appeals explained:
 "The plenary powers of the Commission are such that upon review, it may adopt, modify or reject the findings of fact of the Hearing Commissioner, and in doing so may weigh the evidence and make its own determination as to the weight and credibility of the evidence. [citation omitted] The Industrial Commission has the duty and authority to resolve conflicts in the testimony whether medical or not, and the conflict should not always be resolved in favor of the claimant."
Wagoner, supra (emphasis added). In Wagoner, the Court of Appeals explained the error of the Industrial Commission in applying an appellate standard rather than completing its obligation to weigh the evidence:
 "Here, as in Cauble, the Commission did not weigh the evidence. The . . . language from the Opinion and Award indicates that the Commission `apparently acted under the mistaken impression that the law required a finding for the plaintiff if there was any competent evidence [, viewed in the light most favorable to plaintiff,] to support such a finding.' [citation omitted] The authority cited by the Commission, Buck v. Procter Gamble Co., 52 N.C. App. 88, 278 S.E.2d 268 (1981), applies to review of evidence by appellate courts upon appeal from the Industrial Commission. Appellate courts must follow the "any competent evidence" standard in deciding whether the evidence permits a determination by the Industrial Commission, which is the fact-finder. Buck, supra. The fact-finder, however, is not required to so view the evidence. Rather, its duty is to weigh the evidence, resolve conflicts therein, and make its own determination as to weight and credibility."
Wagoner, supra. The application of the "viewed in the light most favorable to plaintiff" standard by the Full Commission is reversible error. See Wagoner, supra; Cauble, supra; Rook, supra.
There may be some "appeal" in the simplicity of reviewing the record to determine whether plaintiff has presented some evidence to support his case, and, if so, then finding in favor of the plaintiff. This, however, is not our job as Commissioners. The Full Commission is the trier of fact, and our review does not end with determining whether plaintiff has presented a prima facie case. Rather, we must determine the competency of the evidence and then weigh and consider all competent evidence in rendering the decision on the merits. As a fair and impartial tribunal for the administration of claims, we cannot give preference to certain evidence solely because it was offered by one party or another.
In the instant case, the majority has applied the correct standard of review as expressed in G.S. § 97-85, and the findings are made on the greater weight of the credible evidence.
 S/______________ RENE C. RIGGSBEE COMMISSIONER
RCR/gas