BEATRICE L. POLLARD, EMPLOYEE, PLAINTIFF v. KRISPY WAFFLE #1, EMPLOYER, NEW HAMPSHIRE INS. CO., CARRIER, DEFENDANTS

No. 8210IC881

(Filed 19 July 1983)

**Master and Servant § 96.1— determination of credibility different from hearing officer — Commission's finding and conclusions supported by evidence**

Although the Full Commission rejected the Deputy Commissioner's determination of credibility of witnesses, there was evidence to support the Commission's finding and conclusion that plaintiff sustained an injury by accident arising out of and in the course of her employment. Under the laws of this state, the Full Industrial Commission has the power to review determinations made by Deputy Commissioners on the credibility of witnesses. G.S. 97-85.

APPEAL by defendants from Opinion and Award of the North Carolina Industrial Commission filed 22 June 1982. Heard in the Court of Appeals 7 June 1983.

This case involves a claim for benefits under the Workers' Compensation Act for back injuries plaintiff received while employed by defendant-employer. After a hearing, Deputy Commissioner Ben A. Rich on 4 December 1981 denied plaintiff's claim on the ground that her testimony regarding a slip and fall prior to onset of back pain was not accepted as credible. Upon appeal, the Full Commission, Chairman Stephenson dissenting, set aside the Deputy Commissioner's Opinion and Award and on 22 June 1982 entered its own Opinion and Award granting plaintiff temporary total disability and permanent partial disability benefits. Defendants appeal.

*Staton, Perkinson, West & Doster, by William W. Staton, and Stanley W. West for plaintiff appellee.*

*Teague, Campbell, Conely & Dennis by Richard B. Conely and Dayle A. Flammia for defendant appellants.*

BRASWELL, Judge.

The issue to be resolved by this appeal is whether the Full Commission may reject the Deputy Commissioner's determinations of credibility of witnesses.

At the hearing plaintiff testified that she was injured when she bent over to pick up a box of french fries, lost her footing and fell down with the box. This account, however, was inconsistent with the history she gave to her physician and with a statement taken by an insurance adjuster and signed by plaintiff concerning the back injury. In both instances plaintiff stated that her injury occurred when she reached down to pick up the box and felt something pull in her back. This discrepancy is, of course, critical in that an injury which arises out of lifting objects in the ordinary course of an employee's business is not caused by accident so as to be compensable when the lifting is performed in the ordinary manner with no unusual circumstances existing. *Rhinehart v. Market*, 271 N.C. 586, 157 S.E. 2d 1 (1967).

After hearing the evidence, Deputy Commissioner Rich found that "the testimony of plaintiff regarding a slip and fall prior to the onset of back pain is not accepted as credible," and denied plaintiff's claim for compensation. The Full Commission's majority opinion rejected the Deputy Commissioner's determination of plaintiff's credibility and allowed compensation.

Defendant contends that the Commission failed to consider all the competent evidence of record, that the evidence does not support the findings and the findings do not support the conclusions of law in that plaintiff failed to prove by the greater weight of the evidence that she suffered injury by accident arising out of and in the course of her employment.

The scope of our review of the Opinion and Award of the Full Commission is to determine whether there is evidence in the record to support the Commission's findings. The findings are conclusive on appeal when supported by competent evidence, even

though there is evidence that would have supported a finding to the contrary. G.S. 97-86; *Porterfield v. RPC Corp.,* 47 N.C. App. 140, 266 S.E. 2d 760 (1980). The Commission's legal conclusions are subject to appellate review. *Jackson v. Highway Commission,* 272 N.C. 697, 158 S.E. 2d 865 (1968).

The Full Commission made factual determinations of the credibility of witnesses without the benefit of live testimony. On review of the cold record of the evidentiary hearing before the Deputy Commissioner (who was the only official to see, hear, and observe the witnesses in person), the Full Commission in a 2-1 decision set aside the Deputy Commissioner's opinion, which rejected the plaintiff's claim for lack of credibility of her evidence, and made an award in favor of the plaintiff.

The majority opinion acknowledged the general rule that "the Commissioner or Deputy Commissioner who actually hears witnesses in a case is in the best position to decide questions pertaining to the credibility or truthfulness of witnesses." However, the majority wrote that failure to recognize exceptions to the rule would "shut off a statutory avenue of appeal for plaintiffs and defendants in cases decided purely on the basis of credibility at the hearing level." The majority opinion concluded that "the decision in the case at hand borders on — if it does not in fact amount to — an unintentional abuse of discretion by the Hearing Officer which should be adjudged an exception to the credibility rule."

The majority stated that the Deputy Commissioner had decided the case based solely upon a statement taken from plaintiff by an agent of the insurance carrier who had a direct interest in the outcome and who could have elicited certain answers by the way he asked questions. The Commission believed that the inconsistent statement was insufficient grounds to discredit plaintiff's version of the accident, since her testimony was supported by that of her supervisor.

In Chairman Stephenson's dissent he argued that the majority decision establishes a bad "precedent which could destroy the discretion our deputy commissioners have historically enjoyed to decide cases based on their distinct expertise in analyzing the evidence." Prior to 1951 the deputy had the duty to transmit all testimony to the Commission for its determination. In 1951 G.S. 97-84 was amended to require that the "deputy shall proceed to a

complete determination of the matters in dispute, file his written opinion, and cause to be issued an award pursuant to such determination." Chairman Stephenson stated that in the 53-year history of the Commission this is the first time that "the original hearing officer has been reversed solely on the questions of credibility."

We find the reasoning expressed in Chairman Stephenson's dissent persuasive and we agree with him that the hearing officer is the best judge of the credibility of witnesses because he is a firsthand observer of witnesses whose testimony he must weigh and accept or reject. However, we must hold, under the laws of this State, that the Full Commission has the power to review determinations made by deputy commissioners on the credibility of witnesses. In so holding, we disagree with the Commission's majority opinion that this power is an exception to the general rule on credibility. Rather, the Commission is granted such authority by virtue of G.S. 97-85 which provides that the Commission "shall review the award, and, if good ground be shown therefor, reconsider the evidence, receive further evidence, rehear the parties or their representatives, and, if proper, amend the award . . . ."

The majority rule on review of awards is that conclusiveness applies to findings of the Commission, not to those of the hearing officer. 3 A. Larson, Workmen's Compensation Law § 80.12(b) at 15-426.345 (1983). "The fact that the commission took no new evidence is immaterial. Moreover, in states adhering to the orthodox rule, no exception is made even when the issue is credibility of a witness, and when only the referee and not the Commission had the benefit of first-hand observation of the witness." *Id.* at 15-426.345, -.349. *See, e.g., Travelers Ins. Co. v. Buice,* 124 Ga. App. 626, 185 S.E. 2d 549 (1971); *Irving v. Industrial Comm'n,* 59 Ill. 2d 207, 319 N.E. 2d 758 (1974).

Our Supreme Court in *Watkins v. City of Wilmington,* 290 N.C. 276, 280, 225 S.E. 2d 577, 580 (1976), in considering basic procedure under the Workers' Compensation Act, announced these fundamental principles:

"In reviewing the findings found by a deputy commissioner or by an individual member of the Commission when acting as a hearing commissioner, the Commission may review, mod-

ify, adopt, or reject the findings of fact found by the hearing commissioner. The Commission is the fact-finding body . . . ."

In discussing the standard of review in *Robinson v. J. P. Stevens*, 57 N.C. App. 619, 627, 292 S.E. 2d 144, 149 (1982), our court said, "The full Commission, upon reviewing an award by the hearing commissioner, is not bound by findings of fact supported by the evidence, but may reconsider evidence and adopt or reject findings and conclusions of the hearing commissioner."

Our court in *Hollar v. Furniture Co.*, 48 N.C. App. 489, 497, 269 S.E. 2d 667, 672 (1980), discussed the plenary powers of the Commission and recognized that the Full Commission upon review "may adopt, modify, or reject the findings of fact of the Hearing Commissioner, and in doing so *may weigh the evidence and make its own determination as to the weight and credibility of the evidence.*" (Emphasis added.)

There was evidence to support the Commission's finding and conclusion that plaintiff sustained an injury by accident arising out of and in the course of her employment. Plaintiff testified that she "started to pick the box up and lost [her] footing and fell down with the box." The restaurant manager, Mrs. Fulton, testified that plaintiff reported the fall to her the morning of the accident.

We find no merit to defendants' argument that they were denied due process in that the Commission made determinations of credibility without the benefit of live testimony. Defendants were given appropriate notice and opportunity to be heard as required by the Fourteenth Amendment to the United States Constitution and Art. I, § 18, of the North Carolina Constitution. The hearing and the review by the Full Commission were conducted according to the prescribed statutory law and in a reasonable manner. *See In re Moore*, 289 N.C. 95, 221 S.E. 2d 307 (1976).

We hold that the Full Commission exercised authority granted to it by G.S. 97-85 to reconsider the evidence and that the Commission's findings are supported by competent evidence of record.

The Opinion and Award of the Commission is

Affirmed.

Judges ARNOLD and WEBB concur.