The basic issue, and in fact the determining factor, in this case is that of credibility. The deputy commissioner simply did not believe plaintiff's allegation that he injured his back and/or neck on November 12, 1992 by lifting a rotary table at work. However, the Full Commission had an opportunity, at oral arguments on August 24, 1994, to view plaintiff firsthand and as a result to assess his credibility, based upon his demeanor and testimony. The Full Commission's assessment of plaintiff's credibility and its careful review of the entire record in this case lead the undersigned to the conclusion that the award entered by the deputy commissioner was in error. The April 15, 1994 Opinion and Award is accordingly HEREBY REVERSED.
* * * * * * * * * * *
The undersigned find as facts and conclude as matters of law the following which were entered into by the parties as
STIPULATIONS
1. On November 12, 1992 the parties were subject to and bound by the North Carolina Workers' Compensation Act.
2. At such time, the employee-employer relationship existed between the plaintiff and defendant-employer.
3. At such time, Nationwide Insurance Company was the carrier on the risk.
4. At such time, plaintiff's average weekly wage was $520.00.
5. The date of the alleged injury is November 12, 1992.
6. The parties stipulated that the sole issue to be decided was as to the compensability of the alleged injury.
* * * * * * * * * * *
Based upon all of the competent evidence in the record, the Full Commission makes the following
FINDINGS OF FACT
1. On November 12, 1992 plaintiff had been employed by defendant-employer as a machinist for approximately two and one-half years. Plaintiff's duties as a machinist consisted of operating various milling machines to make machined parts.
2. On November 12, 1992 plaintiff reached down to pick up a rotary table, picked it up and twisted to put it on top of the mill. While doing so, he felt what he described as a "clunk" between his shoulder blades. He then felt a burning sensation which went up into his neck and across his shoulders. Because this occurred at the end of the day, plaintiff thereupon went home.
3. According to Mr. Bobby Lee Rogers, defendant-employer's shop foreman, a rotary table weighs approximately 120 or 125 pounds.
4. Plaintiff and other employees testified that it was the habit of defendant-employer's employees to sit around a table and talk when they arrived to work in the mornings. Plaintiff testified that on the morning of November 13, 1992, the day after his injury, he walked into the room and he told his foreman and another employee who were already sitting at the table that he had hurt himself the day before. Plaintiff also testified that a little while later he told two of the owners/supervisors of defendant-employer that he had hurt himself the day before by lifting a rotary table.
5. While no one else seems to be able to corroborate plaintiff's account of reporting the incident on November 13, 1992, the Full Commission nonetheless assigns greater weight to plaintiff's version. This is so because plaintiff would have more incentive and reason to remember a casual conversation, because he was the one affected by the injury. Furthermore, there are inconsistencies in the accounts given by the other employees. Finally, in the transcript of the Employment Security Commission hearing which was introduced as evidence in the present case, Mr. Foy Cunningham indicates that it is possible plaintiff did indeed tell him about the injury on November 13, 1992, but that it was possible Mr. Cunningham had not heard him.
6. Plaintiff was able to continue performing his regular duties for defendant-employer from November 13 until November 30, 1992. On December 1, 1992 plaintiff was terminated from his employment with defendant-employer for reasons which defendants claim were unrelated to the November 12, 1992 injury and in fact pre-dated the injury. Upon termination, plaintiff reiterated that he had been injured at work on November 12, 1992.
7. On December 2, 1992 plaintiff sought medical treatment for his injury from Dr. Broadnax, a chiropractor. Plaintiff was later referred to and treated by Dr. Avioli, an orthopedist.
* * * * * * * * * * *
Based upon all of the foregoing, the Full Commission makes the following
CONCLUSIONS OF LAW
1. It is axiomatic that the Workers' Compensation Act shall be liberally construed in favor of the claimant. Another well-quoted axiom is that the Industrial Commission is the sole judge of the credibility of the witnesses, and that the hearing officer, who viewed first-hand the demeanor of the witnesses, is the best judge of credibility. However, the Full Commission has the authority and power to review the determinations of credibility made by the deputy commissioner. See, e.g., Pollardv. Krispy Waffle #1, 63 N.C. App. 354, 304 S.E.2d 762
(1983). The panel of Full Commissioners sitting for the present case was in a particularly good position to review the credibility determinations made by the deputy, because the plaintiff argued his case pro se. Therefore, eliciting this authority, the undersigned find the plaintiff to be credible, and assign greater weight to his version of the incident than that of the other persons who testified.
2. The plaintiff sustained a compensable injury as a direct result of a specific traumatic incident of the work assigned when he lifted the rotary table, twisted, and placed it on the mill. N.C.G.S. 97-2(6).
3. Plaintiff duly reported his injury the day following the incident.
4. The issue of compensability being decided in the affirmative, it shall fall to a deputy commissioner to determine the consequences and liability, if any, thereof.
* * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the undersigned enter the following
AWARD
1. Plaintiff having sustained a compensable injury by specific traumatic incident, and the record not being complete for a final determination of consequences thereof, IT IS HEREBY ORDERED that this case is REVERSED and REMANDED to a deputy commissioner for further proceedings consistent herewith.
2. Defendants shall pay the costs of this appeal.
This the __________ day of _____________________, 1994.
 S/ _____________________ JAMES J. BOOKER COMMISSIONER
CONCURRING:
S/ ____________________ J. HOWARD BUNN, JR. CHAIRMAN
DISSENTING:
S/ ____________________ DIANNE C. SELLERS THEN-CHIEF DEPUTY COMMISSIONER
12/21/94