Again, I respectfully dissent from the majority's decision to reverse the Deputy Commissioner's ruling on credibility in this matter. In addition, I respectfully dissent from the majority's denial of defendants' motion to reconsider the Full Commission Opinion and Award filed 31 January 1995 and I respectfully dissent from the majority's denial of defendants' alternative motion for a formal evidentiary hearing before the Full Commission. Although the Full Commission had the opportunity to observe plaintiff at the 24 August 1994 hearing, plaintiff was not under oath, plaintiff was not subject to cross-examination, and defendants did not have the opportunity to have their witnesses present.
Though the Workers' Compensation Act vests the Full Commission with authority to review a Deputy Commissioner's credibility findings, even the North Carolina Court of Appeals acknowledges "that the hearing officer is the best judge of credibility of witnesses because he is a firsthand observer of witnesses whose testimony he must weigh and accept or reject."Pollard v. Krispy Waffle, 63 N.C. App. 354, 308 S.E.2d 762
(1983). Therefore, I am of the opinion that Commissioners sitting as the Full Commission should exercise great restraint when tempted to replace the evaluation of a deputy, who was actually present to observe the witnesses who testified under oath, with the opinion of a Commissioner, who has reviewed only a cold record and the brief arguments of the party or their counsel.
Based upon these reasons, I respectfully dissent from the majority's decision in this matter to reconsider the Full Commission Opinion and Award and would adopt the Deputy Commissioner's decision in full or, in the alternative, I would grant a formal evidentiary hearing before the Full Commission.
 S/ _____________________ DIANNE C. SELLERS COMMISSIONER