I respectfully dissent from the majority opinion. Though the Workers' Compensation Act vests the Full Commission with authority to review a Deputy Commissioner's credibility findings, even the North Carolina Court of Appeals acknowledges "that the hearing officer is the best judge of credibility of witnesses because he is a firsthand observer of witnesses whose testimony he must weigh and accept or reject." Pollard v. Krispy Waffle, 63 N.C. App. 354,308 S.E.2d 762 (1983). Therefore, I am of the opinion that Commissioners sitting as the Full Commission should exercise great restraint when tempted to replace the evaluation of a deputy, who was actually present to observe the witnesses who testified under oath, with the opinion of a Commissioner, who has reviewed only a cold record and the brief arguments of the party or their counsel.
Plaintiff, whose injury occurred on 8 February 1989, had until 8 February 1991 within which to file a claim for workers' compensation benefits. Even assuming, arguendo, the alleged conduct of the employer is sufficient to raise an issue of estoppel, plaintiff did not justifiably rely on the alleged conduct in failing to file her claim on a timely basis. In spite of her resignation in early September 1989, which I would determine to be voluntary, plaintiff no longer received a wage supplement from her employer. In fact, payment of medical expenses by her employer ceased during this time as well. Thereafter, seventeen months passed during which time plaintiff could have timely filed a workers' compensation claim since, due to cessation of payments, she could not reasonably and justifiably continue to rely on any alleged conduct of the employer.
Further, plaintiff retained not only one but two attorneys in this matter, one by 20 October 1989 (some sixteen months prior to 8 February 1991) and one by January 1991 (approximately one month prior to 8 February 1991).
For the reasons stated above, I would find and conclude that defendants are not estopped to rely on N.C. Gen. Stat. § 97-24 in bar to plaintiff's claim, and therefore, dissent from the majority opinion.
 S/ _________________________ DIANNE C. SELLERS COMMISSIONER