I respectfully dissent from the majority's decision to reverse the Deputy Commissioner's ruling on credibility in this matter. The majority is apparently content to simply substitute their credibility determination for that of the Deputy Commissioner based merely on the record and the argument of plaintiff's counsel before the Full Commission. They appear to place little value on the deputy's first-hand evaluation of the plaintiff and the witnesses who were under oath and subject to cross-examination before him. At the 25 August 1995 Full Commission hearing, the majority only heard counsel's arguments and though the plaintiff was present in the hearing room, plaintiff not speak before the Full Commission, he did not testify under oath, he was not subject to cross-examination, and defendants' witnesses were not present. Therefore, in the opinion of the undersigned, the majority was not in the best position to judge the demeanor and credibility of the plaintiff and the witnesses in this situation.
Though the Workers' Compensation Act vests the Full Commission with authority to review a Deputy Commissioner's credibility findings, even the North Carolina Court of Appeals acknowledges "that the hearing officer is the best judge of credibility of witnesses because he is a firsthand observer of witnesses whose testimony he must weigh and accept or reject."Pollard v. Krispy Waffle, 63 N.C. App. 354, 308 S.E.2d 762
(1983). Therefore, I am of the opinion that Commissioners sitting as the Full Commission should exercise great restraint when tempted to replace the evaluation of a deputy, who was actually present to observe the witnesses who testified under oath, with the opinion of a Commissioner, who has reviewed only a cold record and the brief arguments of the party or their counsel.
Further, I respectfully dissent from the majority's opinion that defendant was not prejudiced by plaintiff's failure to give timely notice as required by N.C. Gen. Stat. § 97-22. Defendant was prejudiced in that it was unable to immediately investigate plaintiff's alleged accident, or direct plaintiff's medical care from the time of the alleged accident. For example, prior to defendant being put on notice of plaintiff's claim, plaintiff refused to comply with medical treatment recommended by his physicians, including physical therapy; furthermore plaintiff chose to see Drs. Carpenter and Pearce neither of which were referrals of plaintiff's physicians who treated him for the ruptured disc.
Based upon these reasons, I respectfully dissent from the majority's decision in this matter to reconsider the Full Commission Opinion and Award and would adopt the Deputy Commissioner's decision in full or, in the alternative, I would grant a formal evidentiary hearing before the Full Commission.
 S/ ______________________________ DIANNE C. SELLERS COMMISSIONER