The undersigned have reviewed the Award based upon the record of the proceedings before the Deputy Commissioner.
The appealing party has shown good grounds to reconsider the evidence. However, upon reconsideration of the evidence, the undersigned reach the same facts and conclusions as those reached by the Deputy Commissioner. Neither party here requested the Full Commission to receive further evidence or to rehear the parties or their representatives. The Full Commission, in their discretion, have determined that there are no good grounds in this case to receive further evidence or to rehear the parties or their representatives, as sufficient convincing evidence exists in the record to support their findings of fact, conclusions of law, and ultimate order.
Accordingly, the Full Commission find as fact and conclude as matters of law the following, which were entered into by the parties as
STIPULATIONS
1. On November 19, 1992, the date of the alleged injury giving rise to this claim, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. At such time, the employee-employer relationship existed between the plaintiff and defendant-employer.
3. At such time defendant-employer was self-insured.
4. At such time plaintiff's average weekly wage was sufficient to yield a compensation rate of $191.10 per week.
* * * * * * * * * *
The Full Commission adopt as their own all findings of fact found by the Deputy Commissioner, with minor technical modifications, as follows:
Based upon the competent and convincing evidence adduced at the hearing, the undersigned make the following additional
FINDINGS OF FACT
1. Plaintiff was 44 years of age as of the date of the initial hearing. On November 19, 1992, plaintiff was employed by defendant as a chicken hanger on line three. At that time, plaintiff had been employed by defendant for a total of 13 years and had been hanging chickens for approximately one year. The job of hanging chickens required plaintiff to lift three to three and one-half pound chickens and hang them by the legs onto hooks along a moving conveyor line. Plaintiff's regular hours of work were 8:00 a. m. to 4:30 p. m., Monday through Friday.
2. Plaintiff's prior medical history is significant for a left hip replacement in 1983, a right hip replacement in 1985, and a right wrist fracture as a result of an auto accident in March 1992.
3. Plaintiff stated that on November 19, 1992 at approximately 2:30 p. m., she picked up a chicken to hang on a hook and twisted to the right, simultaneous with her opening and then closing a gate at the end of the line, at which time she felt a stinging and pulling sensation in her low back on the right side. Plaintiff worked the remainder of her shift that day and did not report the alleged incident to her supervisor or to anyone else in her supervisory chain of command.
4. Plaintiff stated that on the following morning, November 20, 1992, she awoke with pain in her low back that hurt so bad she could not do anything. However, plaintiff engaged in cooking and shopping activities that entire morning.
5. On November 21, 1992, plaintiff, her husband, her son and two grandchildren rode two and one-half to three hours to Martinsville, Virginia in a pick-up truck for the purpose of assisting her son in his move into a new residence in Martinsville, Virginia. At approximately 4:00 p. m. that day, plaintiff was seen at the emergency room at Memorial Hospital in Martinsville, Virginia with complaints of excruciating low back pain which had gradually worsened since the previous morning. Plaintiff specifically denied that any injury or accident had preceded the onset of her low back pain.
6. On the evening of November 22, 1992, plaintiff's son's girlfriend called plaintiff's supervisor, Jerry Howell, and informed him that plaintiff was in Martinsville, Virginia, that plaintiff's back was hurting and that plaintiff would not be at work on Monday, November 23, 1992. During the course of that phone call, there was no report to Mr. Howell of plaintiff's alleged incident at work on November 19, 1992, or that plaintiff's back pain developed following an alleged incident at work on November 19, 1992.
7. Plaintiff was seen by Dr. Holloway, a chiropractor, on November 23, 1992, at which time plaintiff did not provide a history of the alleged incident at work of November 19, 1992 or of any other injury which preceded the onset of her low back pain.
8. Thereafter, plaintiff was seen at Wilkes Regional Medical Center of November 25, 1992, at which time plaintiff first provided a history of the onset of her low back pain as having occurred following a lifting incident at work on November 19, 1992.
9. Although plaintiff knew that she was required to report work related injuries or accidents immediately upon the occurrence thereof, she first reported the alleged incident at work of November 19, 1992 to her supervisor, Jerry Howell, on November 30, 1992.
10. Thereafter, plaintiff was seen by Dr. Templeton at Wilkes Regional Medical Center, Dr. Bennett and Dr. Rodger. Dr. Rodger performed a surgical exploration and diskectomy on plaintiff at L2-3 on February 15, 1993, from which plaintiff reached the end of the healing period and maximum medical improvement on May 14, 1993, and for which plaintiff retained a 15 percent permanent impairment to her back.
11. Based upon, but not limited to, plaintiff's testimony and demeanor before the Deputy Commissioner and the testimony and demeanor of the other witnesses at the hearing, the undersigned do not accept plaintiff's testimony or the history that she provided to her medical care providers on November 25, 1992 and thereafter, concerning the onset of her symptoms, as credible or convincing.
12. Inasmuch as neither plaintiff's testimony nor the history that she provided to her medical care providers on November 25, 1992 and thereafter concerning the onset of her symptoms is credible or convincing, plaintiff has failed to sufficiently establish, by the greater weight of the evidence, that she sustained an injury by accident arising out of and in the course of her employment with defendant-employer on November 19, 1992.
* * * * * * * * * *
Based upon the competent and convincing evidence adduced at the hearing, the undersigned make the following additional
CONCLUSIONS OF LAW
1. On November 19, 1992, plaintiff did not sustain an injury by accident arising out of and in the course of her employment with defendant-employer. G.S. 97-2 (6).
2. It is well established that the Industrial Commission is the sole judge of credibility and weight to be given the testimony at hearing, and may accept or reject any or all of the testimony of a witness. Blalock v. Roberts Co., 12 N.C. App. 499, 183 S.E.2d 827 (1971). Although the Full Commission has the power to review determinations made by its Deputy Commissioners on the credibility of witnesses, the hearing officer is the best judge of the credibility of witnesses because he is the firsthand observer of the witnesses whose testimony must be weighed and then accepted or rejected. Pollard v. Krispy Waffle # 1, 63 N.C. App. 354,304 S.E.2d 762 (1983). Finally, it is noted that the Industrial Commission has the duty and authority to resolve conflicts in the evidence, and the conflicts need not be resolved in favor of the claimant. Cauble v. Macke Co., 78 N.C. App. 793, 338 S.E.2d 320
(1986).
3. Plaintiff's claim, therefore, is not compensable under the provisions of the North Carolina Workers' Compensation Act.
* * * * * * * * * *
Based upon these conclusions of law, the Full Commission have determined there exists no basis for amending the Award. Accordingly, the foregoing stipulations, findings of fact, and conclusions of law engender the following:
ORDER
1. Plaintiff's claim for compensation under the North Carolina Workers' Compensation Act must be, and the same is, HEREBY DENIED.
2. Each side shall pay its own costs, except that defendant shall pay an expert witness fee in the amount of $240.00 to Dr. R. Mark Rodger.
This case is ORDERED REMOVED from the Full Commission hearing docket.
This the _____ day of ___________________________, 1996.
 S/ _________________ J. HOWARD BUNN, JR. CHAIRMAN
CONCURRING:
S/ _________________ J. RANDOLPH WARD COMMISSIONER
S/ _________________ LAURA K. MAVRETIC COMMISSIONER
JHB/nwm 04/22/96