Upon review of all of the competent evidence of record with reference to the errors assigned, and finding no good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the award, except for minor additions to Findings of Fact #4 and #5, the Full Commission AFFIRMS and ADOPTS the Opinion and Award of the Deputy Commissioner as follows:
The following were entered into by the parties at the hearing before the Deputy Commissioner as
STIPULATIONS
1. At the time of the alleged injury, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. At such time, an employment relationship existed between plaintiff and defendant-employer.
3. The North Carolina Farm Bureau was the compensation carrier on the risk.
4. A medical index, containing the records from the Kosterman Chiropractic Center, Dr. David E. Tomaszek and Dr. Eddie Powell, collectively marked as Stipulated Documents 1, is stipulated into evidence.
5. A recorded statement concerning plaintiff, marked as Stipulated Document 2, is stipulated into evidence.
6. A list of the hours worked by plaintiff, marked as Stipulated Documents 3, is stipulated into evidence.
7. Payroll records concerning plaintiff, marked as Stipulated Documents 4, are stipulated into evidence.
8. Time card records concerning plaintiff, marked as Stipulated Documents 5, are stipulated into evidence.
9. Industrial Commission Forms 18, dated March 17, May 19, 1994 and 31 May 1995, are stipulated into evidence.
10. Industrial Commission Form 19, dated 16 June 1994, is stipulated into evidence.
*************
Based upon all the competent credible evidence of record, the Full Commission makes the following additional
FINDINGS OF FACT
1. Plaintiff was born 5 November 1948. On 27 August 1993, plaintiff was employed by defendant-employer at the rate of $5.00 an hour, for a forty hour week. Plaintiff, however, worked with defendant-employer for only one day.
2. Plaintiff's duties on 27 August 1993 included spray painting gates. As a part of his duties, plaintiff had to lift the gates, which weighed from 50 to 55 pounds.
3. Plaintiff testified that on 27 August 1993, the date on which plaintiff was employed by defendant-employer, after spraying about ten or twelve gates, plaintiff reached up with a gate to turn it over. Plaintiff testified that as he went to turn around, he felt his back pop. As a result, plaintiff testified that he felt a severe pain in his back, which was centered in his back along his beltline. Plaintiff testified that he had had no prior back problems.
4. However, approximately two weeks later, on 10 September 1995, plaintiff attended an appointment with the Kosterman Chiropractic Center for treatment of his back. There plaintiff personally wrote on a client information form that the "date symptoms or accident happened" was 30 August 1993, that he "threw my back out", that this had "happened off and on for 20-plus years", and that it was not employment related. The progress notes for that day indicate this happened while plaintiff was "working night service". At the hearing before the Deputy Commissioner, plaintiff testified the alleged accident happened on August 27, 1993 and that he did not work that night or the next night at another place of employment, Pizza Inn. However, stipulated records from Pizza Inn show that plaintiff worked over 3 hours on 27 August 1993 and over 9 hours on 28 August 1993.
5. Based upon the credible evidence of record and the hearing Deputy's evaluation, with the benefit of first-hand observation of the plaintiff's testimony and demeanor, the undersigned find that plaintiff failed to show by the greater weight of the evidence that any injury which he may have sustained on or about 27 August 1993 resulted from a specific traumatic incident of the work assigned, or from an interruption of his normal work routine by the introduction of unusual conditions likely to result in unexpected consequences.
***************
Based on the foregoing findings of fact, the Full Commission makes the following additional
CONCLUSIONS OF LAW
1. The hearing officer is the best judge of the credibility of witnesses because he is a first hand observer of witnesses whose testimony he must weigh and accept or reject. See, Pollard v. Krispy Waffle #1,63 N.C. App. 354, 304 S.E.2d 762 (1983)
2. On 27 August 1993, plaintiff did not sustain an injury either as the direct result of a specific traumatic incident of the work assigned, or from an interruption of his normal work routine by the introduction of unusual conditions likely to result in unexpected consequences; therefore, on 27 August 1993, plaintiff did not sustain an injury by accident arising out of or in the course of his employment with defendant-employer. G.S. § 97-2(6).
3. Plaintiff's claim, therefore, is not compensable under the provisions of the North Carolina Workers' Compensation Act. G.S. § 97-2(6).
***************
Based on the foregoing findings of fact and conclusions of law, the Full Commission enters the following
ORDER
1. Under the law, plaintiff's claim must be, and the same is hereby, DENIED.
2. Each side shall bear its own costs.
 S/ ________________________ J. RANDOLPH WARD COMMISSIONER
CONCURRING:
S/ ________________________ BERNADINE S. BALLANCE COMMISSIONER
S/ ________________________ LAURA K. MAVRETIC COMMISSIONER
JRW/jss