I respectfully dissent from the majority Opinion and Award in this case and would vote to affirm the Deputy Commissioner's denial of plaintiff's claim based on credibility and a lack of causation. The issue of plaintiff's credibility is raised with regard to his testimony at the hearing, the inconsistencies between that testimony and Dr. Oweida's reports and office notes, and furthermore, plaintiff lacks credibility, in that, he gave an inaccurate history to Dr. Hipp. In addition, because of the inaccurate history given to Dr. Hipp by plaintiff, little or no weight can be given to Dr. Hipp's opinion with regard to causation of plaintiff's right-sided complaints.
Though the Workers' Compensation Act vests the Full Commission with authority to review a Deputy Commissioner's credibility findings, even the North Carolina Court of Appeals acknowledges "that the hearing officer is the best judge of credibility of witnesses because he is a firsthand observer of witnesses whose testimony he must weigh and accept or reject."Pollard v. Krispy Waffle, 63 N.C. App. 354, 308 S.E.2d 762
(1983). Therefore, I am of the opinion that Commissioners sitting as the Full Commission should exercise great restraint when tempted to replace the evaluation of the deputy, who was actually present to observe the witnesses, with the opinion of the Commissioner, who has reviewed only a cold record and the brief arguments of the party or their counsel.
Plaintiff's lack of credibility is clearly manifested by the inconsistencies and contradictions between plaintiff's testimony regarding his right-sided shoulder and neck complaints and Dr. Oweida's reports and office notes. Although plaintiff testified at the hearing and related to Dr. Hipp that his right-sided neck complaints began immediately after his left shoulder injury on 6 November 1991, Dr. Oweida's medical records do not indicate problems with plaintiff's right side until his right shoulder pain 4 and 1/2 months later on 24 March 1992 and the right-sided neck pain first noted on 23 March 1993, 16 and 1/2 months after the accident. Because of the time delay between the injury to plaintiff's left shoulder and his subsequent complaints regarding his right shoulder and even later complaints regarding the right side of his neck, Dr. Oweida could not state to a reasonable degree of medical certainty any causal connection between plaintiff's original injury and his subsequent right-sided problems. In addition, Dr. Oweida is very conscientious about his records and would have noted significant facts such as right-sided complaints. Also, Dr. Oweida's notes and reports are internally consistent.
Furthermore, Dr. Hipp's opinion on causation relating plaintiff's initial injury and his subsequent right-sided complaints was based on an inaccurate history given by plaintiff to Dr. Hipp, in that, plaintiff related to Dr. Hipp that his right-sided problems began immediately after his injury to his left shoulder. In fact, the complaints by plaintiff did not begin until much later and Dr. Hipp stated that his opinion regarding causation would change if there were a time delay between the left shoulder injury and plaintiff's complaints of right-sided problems. Further, he stated that it would be truly unusual for complaints to develop three months after the injury.
Since there are inconsistencies between plaintiff's testimony and Dr. Oweida's office notes and reports, a credibility determination is of the utmost importance. I would give greater weight to the credibility of Dr. Oweida than to that of plaintiff. Furthermore, as noted above, little weight can be given to Dr. Hipp since his opinions are based on the inaccurate history given to him by plaintiff which is once again an example of plaintiff's lack of credibility.
Based upon these reasons, I respectfully dissent from the majority's decision in this matter and would adopt the Deputy Commissioner's decision in full.
 S/ ______________________ DIANNE C. SELLERS COMMISSIONER