Upon review of all of the competent evidence of record with reference to the errors assigned, and finding no good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the award, the Full Commission AFFIRMS and ADOPTS the Opinion and Award of the deputy commissioner as follows:
The Full Commission finds as fact and concludes as matters of law the following, which were agreed upon by the parties at the hearing before the deputy commissioner and in a Pre-trial Agreement dated 27 October 1994, as
STIPULATIONS
1. At the time of the alleged injury giving rise to this claim, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. At such time, an employment relationship existed between plaintiff and defendant-employer.
3. The date of the alleged injury which is the subject of this claim is 8 June 1993.
4. Nationwide Insurance Companies is the compensation carrier on the risk.
5. Plaintiff's average weekly wage may be determined by an Industrial Commission Form 22 Wage Chart.
6. A group of documents concerning plaintiff, including the medical records from Moses Cone Memorial Hospital, the records of John Umstead Hospital, and a recorded statement from plaintiff, marked as Stipulated Documents 1, are stipulated into evidence.
*************
RULINGS ON EVIDENTIARY MATTERS
The objections contained within the depositions of Jerry Wayne Noble, Ph.D., Mark C. Yates, M.D. and Kendal Warden, M.D., are OVERRULED.
*************
The Full Commission adopts the findings of fact of the deputy commissioner and finds as follows
FINDINGS OF FACT
1. At the time of the hearing of the above-captioned matter, plaintiff was 33 years old. Plaintiff completed the tenth grade in high school, and can read and write.
2. Plaintiff worked for defendant-employer for about six or eight months prior to 8 June 1993 as an industrial painter.
3. On 8 June 1993, plaintiff was working by himself in Leeds, South Carolina, at a Celanese plant, doing some sandblasting work. At the conclusion of each workday, plaintiff called in to Allen Green, part-owner of defendant-employer, to report what had happened that day.
4. On 8 June 1993, plaintiff called in as he was required to do.
5. In addition, plaintiff worked on 9 June 1993.
6. After finishing work on 10 June 1993, plaintiff returned to Greensboro, and arrived around 7:00 p.m. Upon returning to Greensboro, plaintiff went by defendant-employer's business to pick up his paycheck. Around 10:00 p.m., plaintiff met Mr. Green at the Picadilly Cafeteria to help clean carpets at the restaurant. Plaintiff then worked until 2:30 a.m. cleaning carpets, which was a very physical job.
7. The following day, which was Friday, plaintiff was not scheduled to work, but came to defendant-employer's place of business and assisted Mr. Green in buffing and compounding a van.
8. The following day, which was a Saturday, plaintiff again was not scheduled to work, but returned to defendant-employer's business to assist Mr. Green in washing and waxing a car, which Mr. Green had purchased for plaintiff's personal use. Plaintiff left defendant-employer's shop around 1:00 or 1:30 p.m. that day as he said he had to go to a wedding.
9. Plaintiff was scheduled to work the following Monday morning, but plaintiff's girlfriend called in to advise that plaintiff would not be coming to work that day because plaintiff had injured his knee playing basketball. Plaintiff later received treatment from Dr. Mark Yates, an orthopedic surgeon, for this injury.
*************
Based upon the foregoing stipulations and findings of fact, the Full Commission concludes as follows
CONCLUSIONS OF LAW
1. The person claiming the benefit of compensation has the burden of showing that the injury complained of resulted from an accident arising out of and in the course of the employment.Henry v. A. C. Lawrence Leather Company, 231 N.C. 477,57 S.E.2d 760 (1950).
2. In passing upon issues of fact, the Commission is the sole judge of the credibility of the witnesses and of the weight to be given their testimony. It may accept or reject the testimony of a witness, either in whole or in part, depending solely upon whether it believes or disbelieves the same. Andersonv. Northwestern Motor Company, 233 N.C. 372, 64 S.E.2d 265 (1951).
3. The hearing officer is the best judge of the credibility of witnesses because he is a first hand observer of the witnesses whose testimony he must weigh and accept or reject. See, Pollardv. Krispy Waffle #1, 63 N.C. App. 354, 304 S.E.2d 762 (1983).
4. On 8 June 1993, plaintiff did not prove by the greater weight of the evidence that he sustained an injury which resulted from an interruption of his normal work routine by the introduction of unusual conditions likely to result in unexpected consequences; therefore, on 8 June 1993, plaintiff did not sustain an injury by accident arising out of or in the course of his employment with defendant-employer. G.S. § 97-2 (6).
5. Plaintiff's claim, therefore, is not compensable under the provisions of the North Carolina Workers' Compensation Act. G.S. § 97-2 (6).
*************
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following
AWARD
1. Under the law, plaintiff's claim must be, and the same is hereby, DENIED.
2. Each side shall bear its own costs.
 S/ _________________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
S/ _________________________ COY M. VANCE COMMISSIONER
S/ _________________________ J. RANDOLPH WARD COMMISSIONER