I respectfully dissent from the majority Opinion and Award in this case which reverses the Opinion and Award of the Deputy Commissioner. I would vote to affirm the Deputy Commissioner's denial in this case on the grounds of plaintiff's lack of credibility and a failure to prove causation.
Although the Workers' Compensation Act vests the Full Commission with authority to review a Deputy Commissioner's credibility findings, even the North Carolina Court of Appeals acknowledges "that the hearing officer is the best judge of credibility of witnesses because he is a firsthand observer of witnesses whose testimony he must weigh and accept or reject."Pollard v. Krispy Waffle, 63 N.C. App. 354, 308 S.E.2d 762
(1983). Therefore, I am of the opinion that Commissioners sitting as the Full Commission should exercise great restraint when tempted to replace the evaluation of the deputy, who was actually present to observe the witnesses, with the opinion of the Commissioner, who has reviewed only a cold record and the brief arguments of the party or their counsel.
In the case at hand, plaintiff's statements were inconsistent with those of other witnesses, and most importantly, his own statements were contradictory. Plaintiff was ambiguous and vague regarding the alleged accident and could not explain or describe it in details. In addition, even though plaintiff worked on an assembly line and other workers were in the vicinity, there were no witnesses to the alleged accident thereby making the question of plaintiff's credibility crucial in this case. The inconsistencies and lack of credibility in plaintiff's statements continue beyond the initial alleged accident. After the alleged accident, plaintiff was diagnosed with a contusion and thereafter returned to full work on 26 October 1993. Although plaintiff claims that he continued to suffer pain, no credible witnesses could confirm his complaints. In fact, several witnesses testified that plaintiff continued his normal duties with no complaints or problems. Furthermore, the circumstances surrounding plaintiff's departure from his employ with defendant-employer are less than clear. Although plaintiff claims he left his job with defendant-employer due to pain, he had not sought medical treatment for any complaints and had not notified his co-employees or supervisors of any problems. In fact, plaintiff's Employee Separation Report which plaintiff signed shows his reason for leaving was voluntary and due to "too much pressure". When confronted with this report at the hearing, plaintiff again changed his story claiming he was forced to sign the form and that he needed to leave to take his medication.
Besides giving inconsistent statements regarding the incident and his reasons for leaving defendant-employer, plaintiff also gave contradictory and less than accurate information to Dr. Frank. Plaintiff's reports to Dr. Frank in June of 1994 contradict those he gave to Dr. Vu shortly after the alleged incident in October 1993. Further, plaintiff gave an inaccurate history of his back pain to Dr. Frank and stated that he had been out of work since the alleged accident when he actually had returned to full duty shortly thereafter.
Although plaintiff's claim should be denied on credibility, plaintiff's claim also fails because there is insufficient medical evidence of record to prove causation by the greater weight of the evidence. Dr. Frank testified regarding the causal relation between plaintiff's alleged accident and his complaints; however, the testimony of Dr. Frank is speculative and insufficient to prove causation because the information and history on which Dr. Frank based his opinions, as related by the plaintiff, was inaccurate and not credible.
Based upon these reasons, I respectfully dissent from the majority's decision in this matter and would adopt the Deputy Commissioner's decision in full.
 S/ ________________________ DIANNE C. SELLERS COMMISSIONER