I respectfully dissent from the majority Opinion and Award in this case reversing the Opinion and Award of former Deputy Commissioner Willis and would vote to affirm the Deputy Commissioner's Opinion and Award denying plaintiff's claim on the grounds that plaintiff's job was not repetitive and Dr. Moses' opinions were not accurate, in that, he based his opinions on the assumption that plaintiff's job was repetitive in nature. Furthermore, there is insufficient evidence of record to prove by the greater weight that plaintiff's employment with defendant caused her condition or placed her at a greater risk than the general public of developing her condition.
Plaintiff was employed with defendant as a molder operator which encompassed a variety of duties including loading wood in the "hopper", obtaining stock from different areas, changing the settings of the machine depending on the size of the wood, bookkeeping, pulling and counting tickets for items to be produced, and keeping records of production. Review of the videotape depicting plaintiff's job shows that plaintiff's job was characterized by various tasks, rather than constant loading of the "hopper", and therefore was not a job of a repetitive nature. Furthermore, plaintiff lifted light weight pieces of wood into the "hopper" and was not under the time constraints of a production quota. In fact, she could load several pieces of wood and then wait while those pieces were processed by the machine.
Plaintiff's testimony describing her as as repetitive is not credible. Furthermore, testimony from plaintiff's co-workers describing plaintiff's job as repetitive is not credible in view of the fact that the co-workers either lacked knowledge regarding plaintiff's job or were interested in retaliation against the employer as in the case of one co-worker who was fired for inefficiency. Though the Workers' Compensation Act vests the Full Commission with authority to review a Deputy Commissioner's credibility findings, even the North Carolina Court of Appeals acknowledges "that the hearing officer is the best judge of credibility of witnesses because he is a firsthand observer of witnesses whose testimony he must weigh and accept or reject."Pollard v. Krispy Waffle, 63 N.C. App. 354, 308 S.E.2d 762
(1983). In addition, the Commission is the sole judge of credibility and the weight to be given to the testimony of the witnesses and the Commission may assign more credibility or weight to certain testimony. The Full Commission should exercise great restraint when tempted to replace the evaluation of a deputy, who was actually present to observe the witnesses who testified under oath, with the opinion of a Commissioner, who has reviewed only a cold record and the brief arguments of the party or their counsel. Therefore, Deputy Commissioner Willis was in the best position to judge credibility and weigh the testimony of the witnesses regarding the non-repetitive nature of plaintiff's job.
Not only was plaintiff's job not repetitive, but there is insufficient medical evidence of record from which to determine causation or increased risk. After viewing the written job description of plaintiff's job, Dr. Moses stated in a report dated 26 March 1993 that the job was not repetitive. In addition, plaintiff did not disagree with the accuracy of the written job description except with regard to the pliers which she did not recall using. Thereafter, Dr. Moses based his opinion regarding causation and increased risk on the erroneous assumption that plaintiff's job was highly repetitive and, moreover, Dr. Moses did not have the benefit of viewing the video depicting plaintiff's job activities and, in fact, he refused to view the tape. Further, Dr. Neimkin could not state to a reasonable degree of medical certainty that plaintiff's job caused or significantly contributed to her condition or placed her at an increased risk.
In view of the foregoing, I respectfully dissent and would vote to affirm the Deputy Commissioner's denial of plaintiff's claim.
 S/ _________________________ DIANNE C. SELLERS COMMISSIONER