The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before former Deputy Commissioner Scott M. Taylor. Plaintiff appeared before the Full Commission without representation, while defendant waived oral argument. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, or to amend the Opinion and Award.
* * * * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. At the time of the alleged injury giving rise to this claim, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. At such time, an employment relationship existed between plaintiff and defendant-employer.
3. Defendant was non-insured at the time of the alleged injury, but had workers' compensation coverage at the hearing of the above-captioned matter.
4. Plaintiff's average weekly wage may be determined from an Industrial Commission Form 22 Wage Chart, dated 12 December 1995 with accompanying three pages.
5. A set of medical records, marked as Stipulated Documents 1, which includes the medical records of Dr. James Forstner, Dosher Memorial Hospital, Dr. Walter Weis, Dr. John Fishman, Dr. Dennis Nicks, New Hanover Regional Medical Center, Durham County General and Lakewood Family Practice, is stipulated into evidence.
6. A series of checks made payable to plaintiff from defendant-employer, marked as Stipulated Document 2, is stipulated into evidence.
7. The Interrogatories served upon plaintiff by defendant-employer and plaintiff's Answers, marked as Stipulated Document 3, are stipulated into evidence.
8. Records relating to plaintiff from the Employment Security Commission, marked as Stipulated Document 4, are stipulated into evidence.
9. Defendant's Exhibit 1, a beer tab from the Pirate's Cove Restaurant, is stipulated into evidence.
10. Defendant's Exhibit 2, consisting of three photographs of a fruit stand, is stipulated into evidence.
11. Defendant's Exhibit 3, a diagram of the kitchen of the Pirate's Cove Restaurant, is stipulated into evidence.
12. The depositions of Dr. Dennis Nicks and Dr. Walter Weis, taken on 2 August 1995 and 6 September 1995, along with an Industrial Commission Form 25R, signed by Dr. Weis, are stipulated into evidence.
* * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. At the time of the hearing of the above-captioned matter, plaintiff was a 35-year-old woman. Plaintiff completed the twelfth grade and had some college courses. Plaintiff's prior work history primarily consisted of work in the food service industry.
2. On or about August 1993, plaintiff was employed by defendant-employer as a prep cook. Plaintiff's hours of employment were from 11:00 a.m. to 4:00 p.m. Plaintiff worked between three and six days a week, and earned approximately $6.00 an hour.
3. Plaintiff testified that on 24 August 1993, plaintiff reported to the kitchen manager that she had hit the top of her left hand on the sandwich unit.
4. The undersigned, however, is unable to accept plaintiff's testimony as credible, due to plaintiff's testimony and demeanor, and due to the other credible evidence of record. Plaintiff has Munchausen Syndrome.
5. Since plaintiff's testimony is not credible, plaintiff did not prove that any injury which she may have sustained on or about 24 August 1993 resulted from an interruption of her normal work routine by the introduction of unusual conditions likely to result in unexpected consequences.
* * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. The person claiming the benefit of compensation has the burden of proving that the injury complained of resulted from an accident arising out of and in the course of the employment.Henry v. A. C. Lawrence Leather Company, 231 N.C. 477,57 S.E.2d 760 (1950).
2. In passing upon issues of fact, the Full Commission is the sole judge of the credibility of the witnesses and of the weight to be given their testimony. It may accept or reject the testimony of a witness, either in whole or in part, depending solely upon whether it believes or disbelieves the same. Andersonv. Northwestern Motor Company, 233 N.C. 372, 64 S.E.2d 265 (1951).
3. The hearing officer must also judge of the credibility of witnesses at the hearing based on several criteria and provide a clear record for the Full Commission to review if the case is appealed. See, Pollard v. Krispy Waffle #1, 63 N.C. App. 354,304 S.E.2d 762 (1983).
4. On 24 August 1993, plaintiff did not prove by the greater weight of the evidence that she sustained an injury which resulted from an interruption of her normal work routine by the introduction of unusual conditions likely to result in unexpected consequences; therefore, on 24 August 1993, plaintiff did not sustain an injury by accident arising out of or in the course of her employment with defendant. G.S. § 97-2 (6).
5. Plaintiff's claim, therefore, is not compensable under the provisions of the North Carolina Workers' Compensation Act. G.S. § 97-2 (6).
* * * * * * * * * * *
Based on the foregoing finding of fact and conclusions of law, the Full Commission affirms the holding of former Deputy Commissioner Scott M. Taylor, and enters the following:
ORDER
1. Under the law, plaintiff's claim must be, and the same is hereby, DENIED.
2. Each side shall bear its own costs.
 S/ _________________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
S/ _____________ COY M. VANCE COMMISSIONER
S/ _______________________ BERNADINE S. BALLANCE COMMISSIONER
7/12/96