I respectfully dissent from the majority's decision to reverse the Deputy Commissioner's ruling on credibility in this matter with regard to I.C. No. 163788.
Although the Workers' Compensation Act vests the Full Commission with authority to review a Deputy Commissioner's credibility findings, even the North Carolina Court of Appeals acknowledges "that the hearing officer is the best judge of credibility of witnesses because he is a firsthand observer of witnesses whose testimony he must weigh and accept or reject."Pollard v. Krispy Waffle, 63 N.C. App. 354, 308 S.E.2d 762
(1983). Therefore, I am of the opinion that Commissioners sitting as the Full Commission should exercise great restraint when tempted to replace the evaluation of the deputy, who was actually present to observe the witnesses, with the opinion of the Commissioner, who has reviewed only a cold record and the brief arguments of the party or their counsel.
In a previous Opinion and Award, rendered after an evidentiary hearing, filed on 2 November 1992 regarding I.C. No. 163788, the Deputy Commissioner denied plaintiff's claim for an injury by accident or specific traumatic incident to his back based on a lack of credibility, in that, plaintiff did not attribute his injury to a specific work-related incident until almost one year later and did not report that it was work related to his supervisor or to his treating physician. Even though plaintiff discussed pain in his hip and lower back with his co-worker Walter Willis, there is insufficient evidence to prove by the greater weight that plaintiff suffered a specific traumatic incident, in that, Mr. Willis merely described their everyday duties as the "event" during which plaintiff was injured. Furthermore, Mr. Willis' statement contradicts plaintiff's assertions as to the time of the alleged incident and plaintiff did not relate to Mr. Willis that the pain was work-related.
Thereafter, by Order of the Full Commission filed 22 February 1993, the appeal in the aforementioned case was held in abeyance pending resolution of an alleged occupational disease claim involving the same back complaints. Plaintiff's occupational disease claim was denied after a review of the previously submitted record on the basis of failure to prove medical causation and increased risk in an Opinion and Award filed by the Deputy Commissioner on 22 September 1995. Thereafter, the appeals for each claim were consolidated in the matter at hand. In my opinion plaintiff has been given more than ample opportunity to prove his claim as an injury by accident or as an occupational disease but has failed to carry his burden based on either theory.
Based upon the forgoing reasons, I respectfully dissent from the majority's decision in this matter with regard to an injury by accident or a specific traumatic incident in I.C. No. 163788 and would adopt the Deputy Commissioner's decisions in full.
 S/ _____________________________ DIANNE C. SELLERS