The undersigned have reviewed the deputy commissioner's decision based upon the record of the proceedings before the deputy commissioner.
The appealing party has shown good grounds to reconsider the evidence. However, upon much detailed reconsideration of the evidence as a whole, the undersigned reach the same facts and conclusions as those reached by the deputy commissioner, with minor technical modifications. The Full Commission, in their discretion, have determined that there are no good grounds in this case to receive further evidence or to rehear the parties or their representatives, as sufficient convincing evidence exists in the record to support their findings of fact, conclusions of law, and ultimate order.
Accordingly, the Full Commission find as fact and conclude as matters of law the following, which were entered into by the parties as
STIPULATIONS
1. At the time of the injury giving rise to this claim, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. The employer-employee relationship existed between plaintiff and defendant-employer at the time of plaintiff's claimed injury.
3. Defendant-employer was a duly qualified self-insured with Key Risk Management Services acting as its servicing agent.
4. Plaintiff's average weekly wage at the time of the claimed accident was $220.00.
5. The date of the claimed accident was August 6, 1992.
**********
Based upon all of the competent, credible, and convincing evidence of record, the undersigned make the following additional
FINDINGS OF FACT
1. Plaintiff was at the time of the initial hearing forty-nine years old and had completed the seventh grade. Plaintiff started working for defendant on June 5, 1989, as an inspector.
2. Plaintiff stated that on August 6, 1992, after she picked up a roll of cloth, she slipped on some oil on the floor. She further stated that this caused her to fall backwards onto the floor, landing on her buttocks with the roll of cloth falling on top of her. When she attempted to get up she stated that she felt pain in her lower back and down into her legs.
3. Plaintiff got up, completed her shift, and went home. She did not report the incident to anyone. Plaintiff was working alone and did not know whether anyone saw her fall. Anthony Landrith, plaintiff's co-worker, stated that he saw plaintiff sitting on the floor. However, he does not recall the exact date but says it was around the time plaintiff indicated she had fallen.
4. Plaintiff stated that on the next day, August 7, 1992, she went to Southeastern Regional Medical Center, where she received treatment for her injuries. A review of Southeastern Regional Medical Center's records reveals that there are no records of plaintiff being treated on August 7, 1992. The records show that plaintiff was treated first for this injury on August 17, 1992. The records only reveal that plaintiff was treated prior to that at the center on or about July 22, 1992, for unrelated medical problems.
5. Plaintiff informed the center that she had hurt her back while lifting at work. There is no notation of her slipping and falling and thereby hurting her back.
6. Southeast Regional Medical Center sent plaintiff to see Dr. Daniel J. Miller, where an MRI revealed that plaintiff had a probable herniated nucleus pulposus.
7. Dr. Miller first saw plaintiff on or about September 16, 1992, at which time she told him that she had injured her back while lifting a 52 pound roll of cloth. Dr. Miller treated plaintiff with conservative means including the use of medication and physical therapy.
8. When plaintiff failed to respond to Dr. Miller's treatment, he sent her to see Dr. Steven K. Gudeman at the University of North Carolina Medical Center. Plaintiff told Dr. Gudeman that she injured her back when she had slipped while lifting a heavy object.
9. The time of day at which plaintiff claimed she injured herself was at the end of her normal shift. She was not scheduled to work the following week because of a temporary lay-off due to a slow down in work. Plaintiff did not inform anyone of her injury until she had been recalled to return to work following the lay off.
10. Plaintiff stated that she had sent a note to the plant by her son following her doctor's visit of August 7, 1992, indicating that she was unable to work due to her injuries. The defendant, in fact, never received such a note.
11. Plaintiff was laid off temporarily on August 10, 1992, due to lack of work in the plant. On August 31, 1992, plaintiff was laid off permanently.
12. Plaintiff applied for and received unemployment benefits from August 9, 1992 through August 7, 1993. She received a total of $6,302.00 in unemployment benefits.
13. Plaintiff has not worked since August 6, 1992.
14. Plaintiff was not injured on August 6, 1992, while in the course and scope of her employment with defendant. Her testimony to the contrary is not accepted as credible or convincing in light of the conflicting evidence to the contrary in the way of lay witness testimony and medical records. The undersigned find, as the deputy commissioner likewise found, this other testimony to be more credible and convincing.
**********
Based upon the foregoing stipulations and findings of fact, the undersigned make the following
CONCLUSIONS OF LAW
1. Plaintiff did not sustain an injury by accident or specific traumatic incident while in the course and scope of her employment with defendant-employer. G.S. § 97-2(6).
2. Plaintiff has failed to credibly or convincingly meet her burden of establishing the existence of a disability that resulted from an injury incurred while performing the duties assigned to her by the defendant-employer.
3. The Industrial Commission is the sole judge of the credibility of witnesses and the weight to be given their testimony. Anderson v. Lincoln Construction Company,265 N.C. 431, 144 S.E.2d 272 (1965). Further, the hearing officer is the best judge of credibility of a witness, as he is the first hand observer of witnesses whose testimony he must weigh and accept of reject. Pollard v. Krispy Waffle#1, 63 N.C. App. 354, 304 S.E.2d 762 (1983). The undersigned have reviewed this record and conclude that the deputy commissioner made the proper credibility determination and thus defer to and accept his judgment.
Based upon the foregoing findings of fact and conclusions of law, the undersigned enter the following
ORDER
1. Plaintiff's claim is HEREBY DENIED.
2. Each side shall pay its own costs.
IT IS FURTHER ORDERED that this case be REMOVED from the Full Commission hearing docket.
This the _____ day of _________________, 1998.
 S/ ________________ J. HOWARD BUNN, JR. CHAIRMAN
CONCURRING:
S/ _______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
S/ _______________________ BERNADINE S. BALLANCE COMMISSIONER
JHB/kws