The undersigned have reviewed the Award based upon the record of the proceedings before the Deputy Commissioner.
The appealing party has shown good grounds to reconsider the evidence. However, upon reconsideration of the evidence, the undersigned reach the same facts and conclusions as those reached by the Deputy Commissioner. Neither party here requested the Full Commission to receive further evidence or to rehear the parties or their representatives. The Full Commission, in their discretion, have determined that there are no good grounds in this case to receive further evidence or to rehear the parties or their representatives, as sufficient convincing evidence exists in the record to support their findings of fact, conclusions of law, and ultimate order.
Accordingly, the Full Commission find as fact and conclude as matters of law the following, which were entered into by the parties as
STIPULATIONS
1. At the time of the alleged injury or contraction of an occupational disease giving rise to this claim, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. For at least one full year before May 10, 1993, an employment relationship existed between plaintiff and defendant-employer.
3. Liberty Mutual Insurance Company was the compensation carrier on the risk.
4. Subject to verification by an Industrial Commission Form 22, plaintiff's average weekly wage was $228.12
5. An Industrial Commission Form 22, completed by the employer on December 2, 1993, is stipulated into evidence.
6. A one page medical record concerning plaintiff from David Tempest, M.D., is stipulated into evidence.
7. An Employee Health Record concerning plaintiff, beginning May 20, 1993, is stipulated into evidence.
8. The medical records concerning plaintiff from Dr. Keith E. McManus, M.D., consisting of four pages, are stipulated into evidence.
9. The medical records concerning plaintiff from Michael D. Carter, M.D., Lisa Reznick, M.D., Jonathan Richmond, M.D., and James F. Howard, Jr., M.D., from U.N.C. Memorial Hospital, consisting of six pages, are stipulated into evidence.
10. Exhibit F, consisting of a Payroll Removal Authorization, a Request for Time-Off, a note from Keith E. McManus, M.D., and two notes from nurse Hope DeMott are stipulated into evidence.
* * * * * * * * * * *
RULINGS ON EVIDENTIARY MATTERS
The objections contained within the depositions of Laurence E. Dahners, M.D., Keith E. McManus, M.D., David Tempest, M.D., and Hope W. DeMott are OVERRULED.
* * * * * * * * * * *
The Full Commission adopt as their own all findings of fact found by the Deputy Commissioner, with minor technical modifications, as follows:
Based upon the competent and convincing evidence adduced at the hearing, the undersigned make the following additional
FINDINGS OF FACT
1. Plaintiff was born 12 July 1971. At the time in question, plaintiff was employed by defendant-employer in defendant-employer's chicken processing plant.
2. On and before May 10, 1992, plaintiff's duties with defendant-employer required plaintiff to perform specific repetitive tasks with both of his hands on a repetitive basis.
3. Plaintiff, however, does not have carpal tunnel syndrome as a result of his employment with defendant-employer.
4. Plaintiff testified that in May of 1993, while engaged in his duties of chopping ice, he fell back and hit his arm or right shoulder. Plaintiff testified that the ice was soft and hollow and that is what caused him to fall. As a result, plaintiff testified that he sustained an injury to his right shoulder.
5. The undersigned, however, are unable to accept plaintiff's testimony as credible or convincing based on plaintiff's testimony and demeanor at the initial hearing and based upon other credible or convincing evidence of record.
6. In particular, plaintiff's testimony that he was injured by accident on May 10, 1993, while working in the ice house, is not accepted as credible or convincing for the following reasons:
 (a) Plaintiff's testimony is not consistent with the mechanism of such an injury as testified to by Dr. Dahners. An injury such as the one sustained by the employee normally results from a forward fall where the head goes in one direction and the shoulder in another;
 (b) No report of an accident was given to Nurse DeMott until August 26, 1993, and plaintiff had indicated earlier that his problems were caused by using a pick in the ice house to break up ice.
 (c) Plaintiff testified that he was working down in the ice room chipping ice when all of a sudden he fell back, hitting his right shoulder. He indicated that the ice was soft and hollow and that was what started the fall. This testimony is inconsistent with plaintiff's description to Dr. Tempest and Dr. Dahners that he fell ten feet onto some steel object.
As plaintiff's testimony is not accepted as trustworthy for the above-mentioned reasons, testimony by co-workers which was based upon what plaintiff told them and not upon first-hand knowledge or viewing of the incident cannot be accepted as credible or convincing in their own right.
7. As plaintiff's testimony is not credible or convincing to the undersigned, plaintiff did not sufficiently prove that any injury which he sustained on or about 10 May 1993 resulted from an interruption of his normal work routine by the introduction of unusual conditions which were likely to result in unexpected consequences.
* * * * * * * * * *
Based upon the findings of fact as found by the Deputy Commissioner and adopted by the Full Commission, the Full Commission find as follows:
CONCLUSIONS OF LAW
1. Plaintiff has no disease and no disability related to causes and conditions which are characteristic of, and peculiar to, plaintiff's occupation or employment. N.C. Gen. Stat. §97-53(13).
2. On or about May 10, 1993, plaintiff did not sustain an injury as the result of an interruption of his normal work routine by the introduction of unusual conditions likely to result in unexpected consequences; therefore, any injury sustained by plaintiff on or about May 10, 1993 did not arise out of or in the course of plaintiff's employment with defendant-employer. N.C. Gen. Stat. § 97-2(6).
3. Plaintiff, therefore, is entitled to no compensation under the provisions of the North Carolina Workers' Compensation Act. N.C. Gen. Stat. § 97-53(13); N.C. Gen. Stat. § 97-2 (6).
It is well established that the Industrial Commission is the sole judge of credibility and weight to be given the testimony at hearing, and may accept or reject any or all of the testimony of a witness. Blalock v. Roberts Co., 12 N.C. App. 499,183 S.E.2d 827 (1971). Although the Full Commission has the power to review determinations made by its Deputy Commissioners on the credibility of witnesses, the hearing officer is the best judge of the credibility of witnesses because he is the firsthand observer of the witnesses whose testimony must be weighed and then accepted or rejected. Pollard v. Krispy Waffle # 1, 63 N.C. App. 354,304 S.E.2d 762 (1983). Finally, it is noted that the Industrial Commission has the duty and authority to resolve conflicts in the evidence, and the conflicts need not be resolved in favor of the claimant. Cauble v. Macke Co., 78 N.C. App. 793, 338 S.E.2d 320
(1986).
* * * * * * * * * * *
Based upon these conclusions of law, the Full Commission have determined there exists no basis for amending the Award. Accordingly, the foregoing stipulations, findings of fact, and conclusions of law engender the following:
ORDER
1. Under the law, plaintiff's claim must be, and the same is hereby, DENIED.
2. IT IS ORDERED that each side shall bear its own costs, except that defendants shall bear the costs associated with providing an interpreter at the trial of this matter.
This case is ORDERED REMOVED from the Full Commission hearing docket.
This the __________ day of ________________________, 1996.
 S/ ____________________ J. HOWARD BUNN, JR. CHAIRMAN
CONCURRING:
S/ _______________________ J. RANDOLPH WARD COMMISSIONER
S/ _______________________ BERNADINE S. BALLANCE COMMISSIONER
JHB/nwm 07/20/96